## LEVADAS *v.* BEACH.

1. It being shown that a justice's court regularly met on the 14th day of July, but that the magistrate was unable on that day to dispose of all the cases ready for a hearing, it is to be presumed, nothing to the contrary appearing, that a particular case tried on the 19th of July was heard while the court was still lawfully in session.
2. The writ of certiorari does not lie to set aside a verdict or judgment which is not merely erroneous, but absolutely void.

Submitted January 13, — Decided February 11, 1903.

Petition for certiorari. Before Judge Dart. Glynn superior court. July 26, 1902.

*Max Isaac*, for plaintiff in error.
*Ernest Dart* and *Crovatt & Whitfield*, contra.

FISH, J. This case originated in a justice's court. Levadas, the losing party in that court, presented to the judge of the superior court a petition for certiorari, in which were set forth the following allegations of fact: When the case was called for trial in the magistrate's court on the 19th day of July, 1902, Levadas, the defendant, "objected to the trial being had on said date, for the following reason, namely: The regular monthly term of said court was held on the second Monday, being the 14th day in July, 1902. For some reason, the court did not conclude the hearing of cases for trial during said term on said day. Counsel for the plaintiff and the defendant were both absent from said justice court, both being in attendance upon the superior .court of Glynn county, Georgia, then in session; and for that reason the trial was not had on the regular court day. The justice of the peace, . . without consulting the parties to said case, at least without con-

sulting the defendant or his counsel, set the case for hearing on Saturday, the 19th of July, 1902, upon which day the trial was had. Defendant and his counsel were both in ignorance of said assignment, and did not consent thereto. In fact counsel for the defendant had no knowledge of said assignment until late Friday afternoon, July 18th, 1902, when he accidentally [?] asked the justice of the peace whether the jury trials would come up for trial at all that month. As above stated, these facts were made to appear to the justice of the peace before the trial, and the defendant urged these reasons in opposition to the trial being had at said time. Defendant likewise objected for the reason that the notice given him or his counsel did not afford him sufficient time in which to prepare his case for trial." The magistrate, however, forced the defendant to go to trial; and, after "hearing the evidence of the plaintiff and his witness, and the evidence of the defendant alone, the jury retired and returned a verdict in favor of the plaintiff for the amount sued for. . . After the rendition of said verdict, the justice of the peace presiding entered a judgment on the summons in said case, to which he affixed his judicial signature. The plaintiff in this case was represented by counsel, and the signing of said judgment by the justice of the peace was illegal and void, and should be set aside because no legal execution could issue on said verdict until said judgment had been entered and signed by the plaintiff or his counsel." With respect to the action of the magistrate in forcing the defendant to trial on the day the case was called for a hearing, the petition for certiorari contained the following assignments of error: "1. That the verdict and judgment rendered on said day were null and void, having been rendered on a day other than the regular court day, and it appearing that the defendant did not consent or agree that the trial should be had on said day. 2. That the justice erred in assigning the case for trial on some day other than a regular court day, without the consent or agreement of both parties. 3. That the trial of said case by said court on such short notice to the defendant worked an unlawful hardship on the defendant, and such practice should not be countenanced. 4. That the defendant was not ready for trial." The judge of the superior court declined to sanction the petition for certiorari, and to his refusal to do so Levadas excepted.

1. It is to be observed that it does not affirmatively appear from

the recitals of fact set forth in the petition for certiorari that the magistrate's court was not, on the 19th day of July, lawfully in session. "The regular monthly term of said court was," the pleader avers, "held on the second Monday, being the 14th day in July." The "court did not conclude the hearing of cases for trial during said term on said day." Presumably the court met on the following day in order to dispose of such of the cases as had not been reached but were ripe for a hearing; and, for aught that appears, regularly adjourned from day to day until July the 19th, when the case to which the plaintiff in error was a party was called for trial, agreeably to statute. See Civil Code, § 4101, and the act of November 23, 1901 (Acts 1901, p. 41), amendatory thereof. If so, the mere fact that the defendant announced that he was not ready for trial, having for the first time, late Friday afternoon, learned of the assignment of the case for July 19th, afforded no reason for postponing the hearing. See *Ballard Transfer Co.* v. *Clark*, 91 *Ga.* 234; *Starnes* v. *Mutual Loan Co.*, 102 *Ga.* 606.

2. On the argument here, counsel for the plaintiff in error fully recognized that a magistrate may, by adjourning from day to day, lawfully keep his court in session for the purpose of disposing of unfinished business, independently of the consent of parties, and as long as necessary. Indeed, counsel based his contention that the justice's court was not lawfully in session, when this case was heard, solely upon the assumption that the magistrate before whom it was tried had not, in point of fact, regularly adjourned his court from day to day until the 19th of July, in order to dispose of cases returnable to the term beginning on Monday, the 14th day of July. No such assumption is warranted by the allegations of fact upon which the petition for certiorari was based; and accordingly the judge of the superior court properly treated these allegations as insufficient to support the conclusion of the pleader, as expressed in the defendant's assignments of error, that "the verdict and judgment rendered on said day were null and void." Furthermore, if as matter of fact the justice's court was not lawfully in session on July 19th, and for this reason the verdict and judgment are wholly inoperative, there certainly was no occasion for Levadas to apply for a writ of certiorari, since to set aside a verdict or judgment which is not merely erroneous, but absolutely void, is not the office of such a writ.

As to the attack made in the petition for certiorari upon the form of the judgment entered up on the verdict returned by the jury, suffice it to say : If, as contended, this judgment be "illegal and void," not having "been entered and signed by the plaintiff or his counsel," there exists no necessity for having it "set aside because no legal execution could issue" thereon.

<div align="right">

*Judgment affirmed. By five Justices.*