## BASS *v.* CITY OF MILLEDGEVILLE.

The writ of certiorari can not be used to bring in question the legal existence of the court to which the writ is directed.

Argued February 22,— Decided March 2, 1905.

Certiorari. Before Judge Lewis. Baldwin superior court. January 11, 1905.

*Hines & Vinson*, for plaintiff in error.     *Allen & Pottle*, contra.

COBB, J.     Bass was convicted, in the police court of Milledgeville, for a violation of a city ordinance.     In a petition for certiorari he made numerous assignments of error, but on the hearing abandoned all of such assignments except one which brought into question the legal existence of the police court of Milledgeville, the contention being that the act by which such court was created was unconstitutional.

If the police court had no legal existence, the writ of certiorari could not be lawfully issued directed to such pretended court.     It is settled by the decisions of this court that the writ of certiorari will not lie to review a void judgment by a court legally constituted, or any pretended judgment by an individual or body of individuals assuming to exercise judicial powers without any lawful authority so to do.     *Murray* v. *State*, 112 *Ga.* 7, 13 ; *Levadas* v. *Beach*, 117 *Ga.* 178.     See, in this connection, *Wright* v. *Davis*, 120 *Ga.* 670 (3).

If the police court of Milledgeville has no legal existence, one who is deprived of his liberty by the person assuming to act as a judge of that court is not without remedy.     He is entitled to a discharge on habeas corpus.     *Moore* v. *Wheeler*, 109 *Ga.* 62.     The judgment overruling the certiorari was in effect a dismissal of the petition, and there could have been no other legal disposition of the case.     *Judgment affirmed. All the Justices concur.*