2676.   FARMERS & TRADERS' BANK *v.* UNIVERSITY PUBLISHING CO.

RUSSELL, J.   1. A garnishee, who has been duly served must file his answer within the time required by the summons of garnishment.   The answer of the garnishee in this case, being filed after judgment upon the garnish-·ment, came too late.

2. A garnishee can in any case inquire into the validity of the judgment against the defendant.   He must do this for his own protection; but the inquiry must be made before judgment against himself as garnishee. Where, upon appeal to the superior court, it appeared' that the answer of the garnishee in the justice's court was not filed until after a judgment had been rendered against the garnishee (following a judgment apparently valid against the defendant in the main suit), the answer was properly treated by the court as void and a nullity, and therefore not subject to any amendment seeking to set up reasons why the judgment against the defendant in garnishment should be disregarded and the garnishee discharged.

3. A garnishee who (though duly and legally served with summons of garnishment) waits till after judgment has been rendered against him to file his answer will not thereafter be heard to assert that the antecedent judgment against the defendant is void.   The right of the garnishee to attack the main judgment is equal with that of the defendant in fi. fa.; but whenever a court of competent jurisdiction renders a judgment against a defendant who has been duly served, he is concluded, not only as to every defense which was actually made, but also as to defenses which might have been asserted.

4. In the absence of any objection thereto upon the ground of incompetency or informality, the correctness of an account due to a corporation may be verified by the affidavit of one who, in signing the affidavit, purports to be the bookkeeper of the corporation.

5. Judgment was rendered against the defendant in the main case on September 6, and on September 17 judgment was entered against the garnishee, who had filed no answer.   The defendant was adjudicated a bankrupt on September 24.   *Held*, that the garnishee might have asked' a stay of judgment upon the garnishment during the pendency of the proceedings in bankruptcy, and thereafter might have pleaded the discharge of the defendant as a bankrupt, if he was discharged.   Upon proper application, a stay should have been granted in the State court, pending

the determination of the issue of the defendant's bankruptcy in the Federal court; still "discharge granted in bankruptcy, pending a suit in the State court, commenced before the proceedings in bankruptcy and duly served, must be pleaded before judgment;" and as to a garnishee who did not seek to stay the judgment of the State court, a judgment rendered against the defendant in garnishment is valid as the basis of a judgment upon the garnishment. The garnished creditor is not concerned with the rights of the trustee in bankruptcy any further than they are likely to affect his own interests.          *Judgment affirmed.*

DECIDED MARCH 3, 1911.

Appeal; from Fulton superior court—Judge Pendleton. April 12, 1910.

*Green, Tilson & McKinney,* for plaintiff in error, cited, as to effect of adjudication in bankruptcy: Bankruptcy act of 1898, sec. 67 (f), (c); 188 U. S. 488-9; 118 *Ga.* 389; 119 *Ga.* 683; 120 *Ga.* 965; 2 *Ga. App.* 669 (3).

*R. E. Church,* contra, cited: 61 *Ga.* 500; 68 *Ga.* 727; 112 *Ga.* 106; 114 *Ga.* 3, 4.