### 9620.   CAUDELL *v.* NABSTEDT.

LUKE, J. 1. The suit was upon a contract in writing, unconditional except as to attorney's fees. The defendant's plea raised no issue and was insufficient to support an amendment, and the court properly disallowed the proposed amendment and struck that part of the original plea wherein the defendant undertook to deny indebtedness. *McMillan* v. *Fourth National Bank*, 18 *Ga. App.* 445 (89 S. E. 635); *Smith* v. *First National Bank*, 115 *Ga.* 608 (2, 3) (41 S. E. 983).

2. The note sued on provided for attorney's fees of ten per cent. for collection, and the petition alleged that the ten-days notice for the purpose of collecting attorney's fees had been given the defendant, a copy

of the notice was attached as a part of the petition, and the defendant admitted that paragraph of the petition. The court did not err in directing a verdict for the plaintiff for principal, interest, and attorney's fees, and did not thereafter err in overruling the motion for a new trial.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*

DECIDED OCTOBER 16, 1918.

Complaint; from Banks superior court—Judge Cobb. January 26, 1918.

The answer admitted the allegations of each paragraph of the petition except the 2d and the 3d. Paragraph 2, which alleged that the defendant was indebted to the plaintiff in stated sums on a promissory note, a copy of which was attached, was answered as follows: "Defendant denies paragraph 2 as to amount." Paragraph 3, which alleged that the debt was past due, and that the defendant refused to pay it or any part of it, was answered as follows: "Defendant admits that he owes plaintiff some, but denies that he owes as much as plaintiff alleges." The plaintiff demurred to these paragraphs of the answer, and moved to strike them, on the grounds that they were too vague and were not sufficient to set up a defense; that the execution of the note sued on was thereby admitted, and an indebtedness was admitted; that the correct amount of indebtedness was not set out therein, and the answer was not sufficient as a plea of payment. An amendment, setting up that the note was for a loan of a stated sum less than the amount of the note, and that a certain sum included in the note was usury, was offered at the trial term. The court refused to allow the amendment, and sustained the demurrer and struck the paragraphs of the answer set out above, and thereupon directed a verdict for the plaintiff; to all of which the defendant excepted.

*A. J. Griffin, J. C. Edwards & Sons,* for plaintiff in error. ·

*W. A. Charters,* contra.