### CURTIS et v STATE ex LENGEL

Ohio Appeals, 5th Dist, Stark Co

No 984.   Decided Feb 11, 1929

James E Kinnison, Russell H Mack and H C Pontius, all of Canton, for Curtis.

Ammerman & Mills and W. B. Rodgers, both of Canton, for State ex.

Judges WILLIAMS, LLOYD and RICHARDS, of the sixth district, sitting.

### WILLIAMS, J.

The sole question is whether or not the court below erred in issuing the peremptory writ of mandamus upon the ground that the relator was removed from his office as Chief of Police by the Mayor without being given a reasonable time in which to make and file an explanation under **Section 486-17a, General Code.**

The contention of the relator is that he was not given a reasonable time in which to make and file an explanation with the Mayor, and he relies upon the case of **State ex rel Bay vs. Witter, 110 Ohio St., 216.**

In the instant case the notice of removal contained no reference whatever to an explanation.   While the court in State ex rel vs. Witter, supra, held that in order to suspend an employe in the classified service the appointing power must give the employe reasonable time in which to make and file an explanation, the court did not have before it in that case the question whether failing so to do would render the proceedings in all cases an absolute nullity.   We have before us in the instant case a different question from that before the Supreme Court, and that is, did the relator by failing to file an explanation with the Mayor, and by filing an appeal to the Civil Service Commission within two days after his removal, and submitting to trial therein, waive whatever right he may have had to file such explanation?   The right to file an explanation was given to relator by statute and his failure to file such explanation with the Mayor was his own default. He submitted himself to the jurisdiction of the Commission and permitted the appeal to the common pleas court to be dismissed without pursuing such remedies as he had, and we must assume, for the purposes of this case, that the trial before the commis-

sion was a fair one. The relator has had his hearing before the commission and waived his right to make explanation before the mayor and is bound by the order of removal.

The judgment of the court below will therefore be reversed and final judgment entered in favor of the plaintiff in error, dismissing the petition of relator and denying the writ of mandamus.

Lloyd and Richards, JJ, concur.