Thorpe *v.* The Broadway-Overland Co.

(Decided December 29, 1930.)

*Messrs. Tracy, Chapman & Welles* and *Mr. Donald A. Finkbeiner,* for plaintiff in error.

*Mr. William A. Finn* and *Mr. W. H. McLellan, Jr.,* for defendant in error.

Lloyd, J. The plaintiff in error, George Thorpe, was injured at about 11 o'clock on the morning of July 12, 1927, on Western avenue near Spencer street in Toledo. Western avenue extends in an easterly and westerly direction. There is a street railway track thereon over which the cars of the Community Traction Company are operated. Near to, but not at the intersection of Spencer street and Western avenue, there was at the time above mentioned a switch and double track to permit street cars to pass, and just inside the curb on the northerly side of Western avenue, opposite the switch, was located a box containing block lights, whereby the movement of street cars was controlled. On the morning in question a street car in charge of Thorpe was proceeding easterly on Western avenue. The car had been stopped on the southerly track of the switch. Thorpe, alighting from the door of the car on the southerly side thereof, crossed Western avenue to the switch box for the purpose of throwing the switch light. Having done this,

he started to return to the street car, and in so doing either ran into or was struck by an automobile driven by Kennard Little and proceeding on the northerly side of Western avenue in the same direction as the street car.

The evidence contained in the bill of exceptions tends at least to show that at the time in question Little was an employee of the defendant in error, the Broadway-Overland Company, engaged in his employer's business. At the close of the evidence the trial court, upon motion therefor, directed a verdict in favor of the defendant in error on the theory that the undisputed evidence showed that Thorpe was guilty of contributory negligence as a matter of law. By this proceeding in error Thorpe seeks to reverse the judgment entered on this verdict.

Little, the driver of the automobile, testified that he was prevented from going to the right of the street car because of a truck that was also waiting to pass it, and so he turned and started by on the left or northerly side; that there were two other automobiles waiting to pass the street car; that one of these automobiles in front of him and behind the truck "was pulling out" and "I blew my horn" and went by it on the left at a speed "around twenty-five" miles an hour; that he does not remember whether Thorpe "had stepped off the curb or was still on the curb when he started to pass the street car; Thorpe looked toward me and he looked towards town and he looked back and I was midways away from him at that time * * * I blew my horn * * * and he went to step back in off of the street towards the curb and I imagine I swung right into him"; that "I didn't move" after striking him. He tripped and was "stumbling when the car was stopped," and that the front of his auto came in contact with Thorpe and knocked him down. Little further testified that Thorpe "looked my way and he looked the other way. I don't know if he knew I

was going around the wrong side or not, and he started out, and when I saw he was starting out I pulled away to the curb. I thought he was going right on and I pulled to the curb and we came together;" that "Thorpe was 3 or 4 feet from him" when he saw that he was backing up into the course of his automobile.

Another witness testified that Thorpe was just off the curb on the left-hand side of the street and that Little "skidded anywhere from 20 to 30 feet * * * from the place he started to skid * * * till he hit him."

A third witness testified that the automobile "came from back of the car and was going on the left side"; that she judged its speed to have been "around thirty or thirty-five miles an hour"; that it "kept on going a little ways but he couldn't stop; right after they hit him they moved on possibly fifteen feet. The auto struck him and pushed him down and the car kept on going."

Still another witness, a passenger on the street car, says that when she first saw it "it was coming up behind the car about middleways of the car" and that the automobile struck Thorpe, who was just leaving the curb, "and pushed him down, and the car kept on going. Before it stopped it went as far as across this room anyway." She further says: "I am no judge of speed, but as it came up behind the street car they speeded up to get around our left side and went around our left side and went past the window roaring, the motor was roaring."

A pedestrian on Western avenue walking toward Spencer street said: "I see the motorman turn the switch and see his machine come around the left hand side of the car." This witness also stated that Thorpe had taken one or two steps from the curb.

The foregoing testimony clearly shows that Little, with others, was waiting to pass the stopped street car, and tends to show that being in a hurry he was not

willing to wait until the traffic cleared so that he could pass to the right of the street car, and that he did what he was not privileged to do, passed to the left of the street car, which was in violation of Section 6310-20, General Code, since, as we view it, a vehicle may, within the meaning of this section, overtake a street car proceeding in the same direction, although stopped temporarily on a switch.

If, as at least one witness testified, Little was proceeding at a speed ''around 30 to 35 miles an hour,'' then such speed, if in fact greater than was reasonable and proper, was a violation of Section 12603, General Code, as then in force (110 Ohio Laws, 135, 138).

Thorpe had a right to assume, in the absence of knowledge to the contrary, that Little would observe rather than violate the traffic laws of the state, and that in passing the street car none of the waiting vehicles would pass to the left thereof. It was but a short distance from where Little had stopped in the rear of the street car to the point where Thorpe was injured, and there is at least some evidence tending to prove that Thorpe had taken one or two steps from the curb before Little started to pass the street car and that in the emergency thus created Thorpe jumped back toward the curb and was struck by the oncoming automobile.

Believing that there is at least some evidence from which a jury might so conclude, the trial court in our opinion erred in directing a verdict in favor of defendant in error.

The judgment is therefore reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

WILLIAMS and RICHARDS, JJ., concur.