### STATE ex WILKINS v MERRELL

Ohio Appeals, 2nd Dist, Franklin Co
No. 2037. Decided June 15, 1931

Benj. Swartz and H. M. Huserman, for Wilkins.

Gilbert Bettman, Atty. Gen., and R. S. Powers, Columbus, for Merrell.

LEVINE, J, (8th Dist), sitting in place of KUNKLE, J.

ALLREAD, J.

These issues involve both questions of fact and questions of law. We cannot escape the conclusion that the relator's position was a permanent one and that the relator was an employee, and both his position and his employment were subject to the Civil Service Acts and that he could not be discharged or laid off except upon good cause and a written statement of the reasons therefor. That no such written charges or reasons were given for his being discharged or being laid off.

We further find that the evidence shows that the relator was entitled to the benefit of Section 486-17 of the Civil Service Act in respect to a suspension or lay-off from his position and that he was also entitled to the benefit of Section 486-17A of the Civil Service Statute.

It is contended that the removal or lay-off of the relator was in the interest of economy, that parties were brought in to do the work and fill the place of the relator for less money than the relator charged.

We do not doubt that the state ·officers may in good faith, acting without political or religious prejudice, reduce the salaries of its employees but such reduction of salary should be made general within the area of the employment and apply reasonably and ratably to other similar employees, that an opportunity should be given the relator to accept or reject such diminished salary. This opportunity was not given and the only notice which the relator had of his removal or lay-off was a verbal notice. The evidence also shows that the relator's position was given an appointee by the name of Weiles

and that Weiles is now exercising the duties of such office.

We have considered all the authorities cited by both parties and are of opinion that the relator was wrongfully discharged, or laid off, in violation of the Civil Service Act and that he is entitled to be restored to his original position.

The petition asked for a restoration and for other relief. In case damages are now claimed we are of opinion that the question should be referred as provided by §12296 GC.

Judgment for the relator.

HORNBECK and LEVINE, JJ, concur.