The State, ex rel. Wirth, Appellant, *v.* Seccombe, Mayor, et al., Appellees.

(Decided October 13, 1938.)

*Mr. James H. Emsley,* for appellant.
*Mr. Paul G. Weber,* city solicitor, for appellees.

Sherick, J. Prior to May 28, 1937, appellant occupied the position of chief electrical inspector of the city of Canton. He held this office by virtue of a civil service appointment. On the date indicated, the appointing power served upon him the following order, and attached thereto and made a part thereof were some thirteen specifications or charges which indicated the reasons for the promulgation of the order. Some few hours thereafter a copy thereof was filed with the Civil Service Commission. The letter is as follows:

"You are hereby notified that I, as the appointive officer, suspend you without pay, effective this date, for inefficiency and incompetency and failure to carry out the provisions of the city ordinance 9169, as per

the following charges to wit: See attached sheet, which is hereby made a part of this letter: All keys and other information pertaining to your office you will leave with the clerk, Mrs. Riehl.''

On June 4 thereafter the employee filed an appeal to the Civil Service Commission, and a hearing was had thereon on July 1. The commission sustained the safety-service director's order of removal or suspension.

Thereupon the appellant commenced this action in mandamus, seeking reinstatement to the office and the emoluments thereof of which he has been deprived. The trial court denied the writ. This court is appealed to for a reversal of the judgment. It is urged that the trial court erred in that the judgment is contrary to law and against the manifest weight of the evidence. Out of this grows the specific charge that the director afforded the relator an insufficient opportunity to file explanations in accordance with Section 486-17, General Code, by reason whereof he was denied his statutory right and prematurely removed from office. It is also complained that the order of suspension was indefinite in its terms. On the other hand, the respondents maintain that the word ''suspend,'' as employed by the director, when taken and read in with the whole order, clearly amounts to and is equivalent to removal or discharge. Respondents assert that the relator so treated it, as is evidenced by the appeal promptly made to the commission. To this reasoning appellant replies that he mistook his remedy, but his mistake did not confer jurisdiction upon the commission, and its order of confirmation was a nullity. Respondents deny this assertion and urge the appeal to have been a waiver of appellant's right to file an explanation of the charges made against him.

The rub, of course, comes in the fact that Section 486-17, General Code, has to do with suspensions and provides for no appeal to the commission. On the

other hand, Section 486-17a, General Code, pertains to removals from office and prescribes for appeal to the commission. As we see it, in either case the matter of filing explanations is an optional privilege afforded an employee. It has three purposes: First, to explain away the charge; second, to afford the appointing power opportunity to reconsider and rescind an order of suspension or removal; third, to procure its filing with the commission so it may be advised with respect thereto. If explanations be not filed by the employee, the things sought to be accomplished by the second and third purposes are not obtainable. The fact that the director had filed a copy of his order with the commission within a few hours, to our notion, affords no insurmountable obstacle to the filing of an explanation with the director within a reasonable time. We must assume the director's order of suspension was made upon proper cause and not through malice or for personal or political reasons. It would then follow that proper and sufficient explanation would cause quick reinstatement. Whether the order was an indefinite suspension or permanent removal is of little moment, in a sense, for the reason that the plaintiff could have filed an explanation in either case. The fact is that he made no attempt to thus advantage himself, but proceeded to treat the order as he then understood it, as a permanent removal, for an appeal did not exist if it was a mere suspension.

Judge Williams, aptly speaking for the court, in *Curtis* v. *State, ex rel. Lengel,* 32 Ohio App., 394, 168 N. E., 151, has this to say in a removal case:

"The right to file an explanation was given to relator by statute, and his failure to file such explanation with the mayor was his own default. He submitted himself to the jurisdiction of the commission * * * and we must assume * * * that the trial before the commission was a fair one. The relator has had his hearing before the commission and waived his right to

make explanation before the mayor and is bound by the order of removal.''

We note that the Supreme Court refused to entertain a review of this case.

It is urged that these statutes assert the state's public policy, and it is said that one may not waive such a provision. We are unable to follow the course of this reasoning, or to perceive why the public is vitally interested in one's right to exercise an option to file an explanation. If these charges had reflected upon the relator's moral conduct, as they do not, the policy of the state should and does not require that they be further aired for the public's entertainment.

It is our judgment that the order made in this case clearly indicates a permanent removal. The relator so treated it. The commission did, therefore, have jurisdiction and its action is final.

The relator points to the case of *State, ex rel. Brittain, v. Board of Agriculture,* 95 Ohio St., 276, 116 N. E., 459, to sustain his position. In that case the appointing authority did not furnish any reason for dismissal. The employee, therefore, was not apprised of that with which he stood charged. He could not defend himself or explain away something which he did not know. He was truly deprived of his statutory right, and, very properly, it was held that the removal was improper and the commission was without authority to act. We perceive no mandate therein upon this court in the case before us.

A like comment must be made with respect to *State, ex rel. Bay, v. Witter,* 110 Ohio St., 216, 143 N. E., 556. That case holds that where one is removed from office a subsequent suspension is of no effect.

*Judgment affirmed.*

Montgomery, P. J., and Lemert, J., concur.