30144.   THOMPSON *v.* ALLEN, chairman, *et al.*

DECIDED JULY 8, 1943.

*Robert B. Blackburn, H. A. Allen,* for plaintiff in error.   J. C. *Savage, E. L. Sterne, J. C. Murphy, Frank A. Hooper Jr.,* contra.

SUTTON, J.   The charter of the City of Atlanta was amended by an act of the General Assembly of 1939 (Ga. L. 1939, pp. 841 et seq.) in which it was provided that certain employees of the city would hold employment under the civil service act.   The City of Atlanta Personnel Board, to consist of three members, was created by this act and it was provided that this board should appoint a Personnel Director.   C. J. Thompson was an employee of the city within the scope of this act as a meter inspector in the waterworks department and, on December 20, 1940, he was dismissed by the general manager of the waterworks department, for stated reasons, by written notice, a copy of which was filed with the City of Atlanta Personnel Board as provided by said act.   On December 30, 1940, C. J. Thompson filed with said Personnel Board an answer, denying the charges as made against him and requesting a hearing before the board as provided by the act.   The Personnel Board set his hearing for January 28, 1941, at which time he and his counsel appeared and requested that the hearing be passed and the matter be allowed to remain in statu quo until the cases on which he had recently been convicted were finally disposed of on appeal.   The

request was denied and, when the board stated it was ready to proceed with the trial, counsel for plaintiff in error objected on the ground that the board was then without jurisdiction over the case under Sec. 18 of the act of 1939, which provides: "Removal. Any appointing authority may dismiss a subordinate in the classified service for cause, upon filing with the Board, copy of written notice furnished the employee, to be removed, setting forth in detail the reasons for such action, before the effective date of such removal. The dismissed employee shall have an opportunity to answer the charges in writing within ten (10) days, and to file with the Board affidavits in support of such answer. All papers filed in the case shall be subject to inspection by the persons affected. Such action of the appointing authority shall be final, except the board may reinstate an officer or employee so removed in case it appears after proper hearing that the removal was made for personal, political or religious reasons and not justified. The Board may after.proper investigation of the circumstances surrounding the dismissal and the fairness thereof, approve the transfer or re-employment of the employee involved either to the same position, if approved by the appointing authority, or to a lower position as the Board may direct. Provided, however, the Board within Thirty (30) days from any action removing, demoting, suspending or accepting the resignation of any officer or employee may on its own motion, or on the motion of any party, reopen the case and vacate, modify or revise its former order so as to lessen, but not increase, the penalty imposed, but after the end of such thirty (30) days the Board shall not have authority to reopen such case for any cause. Anything herein to the contrary notwithstanding, where an appointing authority has adopted or hereafter adopts a rule for compulsory retirement of all of its employees upon their reaching an age provided by such appointing authority, the provisions of this act shall be subject to any such rule of such appointing authority." The Board ruled the trial should proceed and C. J. Thompson and his counsel withdrew from the hearing and refused to take part therein. After hearing the evidence the Personnel Board sustained and approved the action of the department head in dismissing C. J. Thompson as meter inspector for the city. C. J. Thompson filed his petition for certiorari in the superior court, asking that certain named persons as constituting the City of Atlanta Personnel Board

be required to certify and send up all the proceedings in said case, etc. The certiorari was dismissed when it came on for trial and the exception here is to that judgment.

The City of Atlanta was not made a party to or served with the certiorari proceeding in the superior court, nor was it made a party to or service had upon it in the bill of exceptions in this court. The persons constituting the City of Atlanta Personnel Board were made the defendants in error in the bill of exceptions.

As above stated, the Personnel Board sustained and approved the dismissal of C. J. Thompson by the department head, and the only assignment of error remaining in the petition for certiorari for consideration, since the ruling of the Supreme Court in *Thompson* v. *Allen,* 195 *Ga.* 733 (25 S. E. 2d, 423), and the transfer of the case by that court to this court, is: "To the finding of the Board as hereinabove set forth, petitioner, Clarence J. Thompson excepts and assigns error thereon and contends that the Board at the date of the hearing of the charges against petitioner was without jurisdiction of the subject matter and was without jurisdiction over the person of petitioner."

It will be seen that the assignment of error is on the ground that the Personnel Board was without jurisdiction of the subject matter and person when the hearing was had. This, if true, would mean that the judgment or action of the Board was void, and assuming but not conceding this to be true, for the purpose of a decision of this case, the contention of the plaintiff in error can not be sustained, because · "The writ of certiorari does not lie to set aside a verdict or judgment which is not merely erroneous, but absolutely void." *Lavadas* v. *Beach,* 117 *Ga.* 178 (43 S. E. 418); *Sawyer* v. *City of Blakely,* 2 *Ga. App.* 159 (58 S. E. 399); *Robertson* v. *Russell,* 13 *Ga. App.* 27 (78 S. E. 682). See, also, *Bass* v. *City of Milledgeville,* 122 *Ga.* 177 (50 S. E. 59).

Under the allegations of the petition for certiorari and the assignment of error therein, the court properly dismissed the certiorari.

*Judgment affirmed.* *Stephens, P. J., and Felton, J., concur.*