OWENS, Plaintiff-Appellee, v. ACKERMAN, Safety Director of City of Xenia et, Defendants-Appellants.

Ohio Appeals, Second District, Greene County.

No. 562. Decided September 23, 1955.

Shoup & Hagler, Xenia, By Marcus Shoup, of Counsel, for plaintiff-appellee.

Wm. A. Miller, City Solicitor, Xenia, for defendants-appellants.

## OPINION

By WISEMAN, J.:

This matter is presented on the merits of an appeal on questions of law, and also on motion of appellee to dismiss the appeal.

We first proceed to dispose of the motion to dismiss. Appellee, a police officer in the City of Xenia, Ohio, was removed by G. D. Ackerman, Safety Director, the appointing authority. Appellee appealed to the Municipal Civil Service Commission of the City of Xenia, which affirmed the removal order of the Safety Director. Appellee then appealed to the Common Pleas Court of Greene County, which found "insufficient cause of removal" and ordered the appellee reinstated. The Safety Director and the Municipal Civil Service Commission of Xenia appealed to this Court from the judgment of the Municipal Court. No appeal was taken by the City of Xenia.

All proceedings, prior to the appeal instituted in this matter, were filed and taken pursuant to the provisions of §143.27 R. C., which provides:

"The tenure of every officer or employee in the classified service of the state and the counties, cities, and city school districts thereof, holding a position under §§143.01 to 143.48, inclusive, R. C., shall be during good behavior and efficient service; but any such officer or employee may be removed for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of such sections or the rules of the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance, or nonfeasance in office.

"**In all cases of removal, the appointing authority shall furnish such employee with a copy of the order of removal and his reasons for the same, and give such officer or employee a reasonable time in which to make and file an explanation.** Such order with the explanation, if any, of the employee shall be filed with the commission.

"Any such employee so removed may appeal from the order of such

appointing authority to the state civil service commission or the municipal civil service commission, as the case may be, within ten days after the date of such removal, in which event the commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority, and the commission's decision is final. In the case of the removal of a chief of police or a chief of the fire department or any member of the police or fire department of a city an appeal may be had from the decision of the municipal civil service commission to the court of common pleas of the county in which such city is situated to determine the sufficiency of the cause of removal. Such appeal shall be taken within ten days from the finding of the commission." (Emphasis ours.)

The precise question presented on the motion to dismiss is whether the safety director or the Municipal Civil Service Commission of Xenia has legal authority to prosecute an appeal from the judgment of the Common Pleas Court of Greene County. In **Hamaker v. Olson, 23 Abs 513**, the 7th District Court of Appeals in 1936 held that under §486-17 (a) GC (§143.27 R. C.), the appointing power had no right of appeal to the Common Pleas Court from an order of the Municipal Civil Service Commission. In the Hamaker case only the right of appeal to the Common Pleas Court was questioned; in the instant case, unlike the Hamaker case, the right of appeal to the Court of Appeals is questioned. There is no right of appeal unless expressly conferred by the constitution or the statute. **Corn v. Board of Liquor Control, 160 Oh St page 9, 113 N.** E. (2d) 360. Since the constitution gives no right of appeal, we must determine whether the right is conferred by statute. We find no provision in §143.27 R. C., conferring upon the appointing power or the Civil Service Commission the right of appeal from the Common Pleas Court. It has been held that we may look to the Appellate Procedure Act (§2505.01 to 2505.45, inclusive, R. C.), to determine the procedural steps in taking an appeal from the Civil Service Commission to the Common Pleas Court. (**Kearns v. Sherrill, 63 Oh Ap 533**, 27 N. E. [2d] 407.) But this Act does not determine upon whom the right of appeal is conferred.

We now consider the provisions of the Administrative Procedure Act. **Sec. 119.12 R. C.**, as amended effective October 21, 1953, in part provides:

"The judgment of the court shall be final and conclusive unless reversed, vacated, or modified on appeal. **Such appeals may be taken either by the party or the agency and shall proceed as in the case of appeals in civil actions as provided in §§2505.01 to 2505.45, inclusive, R. C.**" (Emphasis ours.)

The word "agency" is defined in §119.01 R. C., which in part provides:

"As used in §§119.01 to 119.13, inclusive, R. C.:

"(A) **'Agency'** means, except as limited by this division, any official, board, or commission having authority to promulgate rules or make adjudications in the bureau of unemployment compensation, **the civil**

**service commission,** the department of industrial relations, the department of liquor control, the department of taxation, the industrial commission, the functions of any administrative or executive officer, department, division, bureau, board or commission of the government of the state specifically made subject to §§119.01 to 119.13, inclusive, **R. C. * * *.**" (Emphasis ours.)

It is observed that "The civil service commission" is designated as one of the agencies which may take an appeal from the judgment of the Common Pleas Court. Prior to the amendment, such agency had no right of appeal. Corn v. Board of Liquor Control, supra. In that case, on page 17, the court in its opinion said:

"Thus it appears that the right of appeal from an adverse ruling of the board to the Court of Common Pleas is limited to those persons whose interests are subject to adjudication by the board, and it is likewise clear that such an appeal is in fact a review of the record of the agency.

"The board, the department, and the director, being agencies, can not be considered persons aggrieved by a decision, giving them a right of appeal, any more than can a trial court be a party aggrieved, with a right of appeal, because of a reversal by the Court of Appeals. No one would claim that under the Appellate Procedure Act such a trial court could appeal to this court from such a reversal."

The language used by the Supreme Court in the Corn case is still applicable to the safety director, as his interest is not affected and he is not an aggrieved party. Does the amended section give a right of appeal in the instant case to the Municipal Civil Service Commission? The definition of "agency" in §119.01 R. C., includes "civil service commission." Is the term "civil service commission" limited in its application to the State civil service commission? We find nothing in the Code which would so limit its application. **Sec. 143.27 R. C.,** applies to both State and Municipal civil service commissions. At the end of this section there is a specific provision giving the right of a member of the police or fire department to appeal to the Common Pleas Court. But there is no provision in this section applicable to appeals from the judgment of the Common Pleas Court to the Court of Appeals. The Administrative Procedure Act furnishes this statutory authority. Furthermore, in determining the meaning of "civil service commission," as used in the Administrative Procedure Act, it is well to observe the definition of "civil service" and "commission" as used in the Civil Service Act. **Sec. 143.01 R. C.,** defines "civil service" as follows:

"(A) 'Civil service' includes all offices and positions of trust or employment in the service of the state and the counties, cities and city school districts thereof."

This section defines "commission" as follows:

"(E) 'Commission' signifies either the state civil service commission or the municipal civil service commission of any city."

In the Revised Code, in Chapter 143, which is headed "Civil Service," in numerous instances the terms "state civil service commission" and "municipal civil service commission" are used. Where the term "civil service commission" is used it is applied to both state and municipal

systems. We conclude that the term "civil service commission" as used in §119.01 R. C., includes both state and municipal civil service commissions. It follows that the municipal civil service commission of Xenia is an agency which is given the right of appeal from a judgment of the Common Pleas Court. The motion will be overruled.

Coming now to consider the appeal on the merits, this Court, under §119.12 R. C., may "review and determine the correctness of the judgment of the court of common pleas" and decide from the entire record whether the order of the agency is "supported by any reliable, probative and substantial evidence."

In the instant case the Common Pleas Court reversed the removal order of the Municipal Civil Service Commission in an entry which in part provides:

"The court, for the reasons stated in the decision and supplemental decision rendered in said cause, finds and determines that said order of removal of plaintiff-appellant from the Division of Police of the City of Xenia, Ohio, by the defendant-appellee appointing authority and as affirmed by the defendant-appellee Civil Service Commission of the City of Xenia, Ohio, was insufficient at law and irregular to the extent that such appeal is allowed, and the action of said defendants-appellees is reversed in toto, and said plaintiff-appellant is hereby reinstated to his position and restored to the emoluments of his office from the date of his discharge on November 17, 1953."

In the two written opinions of the trial judge, which are attached to and made a part of the transcript, he ruled that the order of removal made by the safety director and forwarded to Owens by letter dated November 17, 1953, which was received by Owens on November 18, 1953, requiring Owens to make and file an explanation on November 20, 1953, did not give Owens sufficient time to prepare an explanation and did not comply with the requirements of §143.27 R. C., which in part provides:

"In all cases of removal, the appointing authority shall furnish such employee with a copy of the order of removal and his reasons for the same, and give such officer or employee a reasonable time in which to make and file an explanation."

The Common Pleas Court ruled that the order of removal, which simply charged Owens with "conduct unbecoming an officer" without more, did not comply with the requirements of §143.27 R. C., which provides that in the order of removal the appointing authority shall furnish such employee his reasons for the same. The court held that this provision of the Code is mandatory and an order which does not comply therewith is void and all proceedings thereafter are a nullity. Citing **State, ex rel. Brittain v. Board of Agriculture, 95 Oh St 276, 116 N. E. 459; City of Toledo v. Osborn, 23 Oh Ap 62, 155 N. E. 250; Curtis v. State, 32 Oh Ap 394, 168 N. E. 151; State, ex rel. Weber v. Eirick, 47 Oh Ap 481, 192 N. E. 172; State, ex rel. Wilkins v. Merrell, 10 Abs 282;** and **Vol. 9, O. Jur. 2d 436.**

The testimony submitted to the Civil Service Commission was taken before a referee and at the hearing an abundance of hearsay evidence was given which counsel allowed to go into the record over objections

before the referee with the understanding that the objections to the consideration of this evidence would be presented to the Civil Service Commission. A transcript of the record before the referee was furnished the Commission. The Commission promptly disposed of the matter by affirming the order of removal without giving counsel an opportunity to present the questions arising on the admissibility of the hearsay evidence. The Common Pleas Court found that after excluding the hearsay evidence, the evidence was insufficient in law as a cause of removal. Citing **Hawkins v. City of Steubenville, 134 Oh St 468, 17 N. E. (2d) 641; Kearns v. Sherrill, 137 Oh St 468, 30 N. E. (2d) 805; Sorge v. Sutton, 159 Oh St 574, 113 N. E. (2d) 10; In re Koellner, 160 Oh St 504, 117 N. E. (2d) 169.**

The Common Pleas Court further ruled that the Civil Service Commission, in failing to give counsel for Owens an opportunity to present the case properly to the Commission, did not accord to Owens due process of law.

The Common Pleas Court reversed the order of removal in toto. This was the proper order. Hawkins v. City of Steubenville, supra. Furthermore, it should be noted that there is not presented in the record a question of waiver by Owens. From the very inception, and at every step of the proceedings, Owens carefully protected his legal rights in the record.

In all of the matters which are raised and assigned as error by appellant, we are in accord with the judgment of the Common Pleas Court. Several errors assigned which have not been discussed have been carefully considered by this Court and are found to be without merit.

Finding no error in the record prejudicial to the rights of the appellant, the judgment is affirmed.

MILLER, PJ, HORNBECK, J, concur.