41490. SCHAEFER, Director v. CLARK.

ARGUED SEPTEMBER 9, 1965—DECIDED NOVEMBER 10, 1965—REHEARING DENIED DECEMBER 1, 1965.

*Arthur K. Bolton, Attorney General, Alfred L. Evans, Jr., Assistant Attorney General,* for plaintiff in error.

*Hansell, Post, Brandon & Dorsey, Bates Block, W. Rhett Tanner,* contra.

EBERHARDT, Judge. Rule 12.400 of the Rules and Regulations of the State Personnel Board provides: "The appointing Authority, upon notice in writing to an employee stating specific reasons therefor, may dismiss any employee for cause as herein defined. The Appointing Authority shall send a copy of the notice to the Director. For the purpose of these rules, 'cause' for dismissal shall be (1) negligence or (2) insufficiency in performing the duties of the position held, (3) unfitness to perform assigned duties, (4) insubordination, (5) misconduct reflecting

discredit on the Department, or (6) political activity in violation of Section 3.100."

A notice of dismissal under this Rule, forming the basis of an administrative proceeding, is amendable. A ruling to the contrary would have the effect of exacting much higher and stricter standards in pleadings before administrative bodies than is the case in the superior and other trial courts of this State, wherein the right of amendment has been said to be "as broad as the plan of salvation." There the pleading may be amended "at any stage of the cause" before verdict. *Code* § 81-1301. The reason for this was made clear by Chief Justice Bleckley in *Ellison v. Georgia R. Co.*, 87 Ga. 691, 696 (2, 3) (13 SE 809). The right of amendment he asserted, "is a resource against waste," and "is comprehended in the frank recognition of two things, both of which are made manifest by actual experience: the first is, that in the practice of any art, it is generally better to preserve what has been done, improving it, and taking some benefit from it, than to throw it away and begin over; the second is, that in the practice of any art, save by the most finished and accomplished experts, many errors and mistakes will be committed; some by reason of ignorance or other incompetency, some by reason of haste or carelessness, and some by reason of inherent difficulty and uncertainty as to what is exactly the right thing to do, the right manner of doing it, or the right materials to be used." How much greater application this has to the proceedings in an administrative agency, operated by laymen, than to courts where the practitioners are skilled in the law and the niceties of its requirements!

It is recognized generally by authorities on administrative law. "The key to pleading in the administrative process is adequate opportunity to prepare. When an original notice or pleading is inadequate, it is normally supplemented by informal communication, by formal amendment, by a bill of particulars, by prehearing conferences, or by ample continuances at the hearing. And the question on review is not the adequacy of the original notice or pleading but is the fairness of the whole procedure." Davis on Administrative Law (1951) § 80, pp. 279-280. To the same effect, see 2 Am. Jur. 2d 71, Administrative Law, § 244; 73

CJS 439, Public Administrative Bodies and Procedure, § 120. The Supreme Court of Kansas expressed it this way: "It is now well established that technical rules of pleadings such as govern civil or criminal actions are not applicable to applications or pleadings filed with an administrative agency . . . [cititions] and liberality is to be indulged as to their form and substance." Community of Woodston v. State Corp. Commission, 186 Kan. 747 (353 P2d 206). Thus, the policy in this matter is recognized as being *more liberal* than in the courts —not less liberal.

Reliance upon *Scott v. Undercofler,* 108 Ga. App. 460 (133 SE2d 444) is misplaced. No question of amendment was raised or in any wise involved in that case and it can not be construed as authority that pleadings or proceedings before administrative bodies in Georgia are not amendable. What it did hold was that an employee's discharge could not be effective without specific and adequate notice of the cause for dismissal.

To hold that there is imposed upon the lay head of an administrative agency a stricter account and a keener knowledge of the niceties and requirements of pleading than is possessed by those who are skilled in the law and permitted to practice in the courts is untenable. This appears more dramatically in light of the current simplifying of court practice and procedure. No harm can result if we hold the proceeding to be amendable. The employee is still entitled to and must get adequate opportunity to prepare her defense. If the information needed is not timely supplied, either in the original notice or in amendment thereto, she is entitled to a reasonable continuance, the denial of which would amount to an abuse of discretion.

Since this is an administrative proceeding, technicalities attendant upon the rules of pleading in courts of law are not to be imposed, and parties are not to be concerned with the matter of whether there was "enough to amend by" in the original notice, or of whether the amendment "relates back" to the time of giving it. As has been pointed out, it is settled under the rule of *Scott v. Undercofler,* 108 Ga. App. 460, supra, that the employee is entitled to have specificity as to the grounds of discharge before it can become effective. In the posture here the original notice

being concededly lacking, the employee's discharge cannot be effective until the defect is supplied by amendment. When the employer tendered an amendment it became the duty of the State Personnel Board to determine whether it was sufficient. If so, and the discharge were upheld after hearing on the merits it would be effective from the date of the tender of the amendment supplying specificity.

There are, of course, instances when the employee, being fully apprized of the facts, is not concerned with specificity in the notice. Thus, if no request for details is made and no appeal is entered within the time for making appeal, the discharge becomes final. The employee may first request details before determining whether to enter an appeal, or he may enter an appeal and then make the request or demand prior to a hearing on the merits, no procedural rules prescribing otherwise. It must follow that if he elects to go to a hearing on the merits without having made the request or demand there is a waiver of any further specificity in the notice.

If the employer deems the original notice to be sufficient he may stand on it without amending until there has been some adjudication of its insufficiency, either by the Merit Board or the courts.

But until the notice, whether in its original form or as amended, is sufficient in specificity as to the grounds on which the employee is discharged, the liability of the employer for the payment of the employee's salary continues.

*Judgment reversed. Felton, C. J., Nichols, P. J., Bell, P. J., Jordan, Hall and Deen, JJ., concur. Frankum and Pannell, JJ., dissent.*

PANNELL, Judge, dissenting. I agree heartily with the beneficent purpose of the decision of the majority but cannot agree with the methods used in reaching this desired result. The decision of the majority completely ignores the doctrine of stare decisis and the binding authority of adjudicated cases. In *Scott v. Undercofler,* 108 Ga. App. 460 (133 SE2d 444), where a notice of dismissal was attacked as being insufficient under Rule 12.400 of the Rules and Regulations of the State Personnel Board, this court said: "We believe that the Georgia Merit Sys-

tem Law (*Code Ann.* § 40-2201 et seq., *Code Ann.* § 40-2239) was enacted with the same purpose as other civil service legislation in this country, and that to accomplish that purpose the *letter of the law* respecting notice of discharge must be followed. Under the Georgia statute (*Code Ann.* § 40-2207) the rules and regulations of the State Personnel Board (Merit System Council) have the force and effect of law. Under these regulations, 'notice in writing to an employee stating specific reasons' for discharge is a sine qua non of a valid discharge. The letter to Mr. Scott stated that he was being dismissed because of inexcusable 'attitude and demeanors with the public' and disregard of the advice of superiors that his 'attitude toward the public be modified,' and because his 'unpleasant relations with the taxpayer continue to be reported to the Commissioner.' These reasons were not specific.

"Provisions of law requiring that a discharged employee be furnished with reasons for removal are mandatory, *and a notice that does not comply with such provisions is void and all proceedings thereafter are a nullity.* Owens v. Ackerman (Ohio), 136 NE2d 93, 97; State ex rel DeWald v. Matia, 125 Ohio 487, supra." (Emphasis supplied).

That ruling has neither been criticized nor overruled by the majority decision. Ordinarily, a void pleading or a pleading too vague and indefinite to raise any issue is insufficient to support an amendment. See *Farmers & Traders Bank v. University Publishing Co.*, 9 Ga. App. 128 (2) (70 SE 602); *Caudell v. Nabstedt*, 22 Ga. App. 694 (1) (97 SE 99). Certiorari does not lie from a void judgment. *Brown v. Brown,* 99 Ga. 168 (25 SE 95); *Levadas v. Beach,* 117 Ga. 178 (43 SE 418); *McDonald v. Farmers Supply Co.,* 143 Ga. 552 (85 SE 861); *Bass v. City of Milledgeville,* 122 Ga. 177 (50 SE 59); *Griggs v. City of Macon,* 154 Ga. 519, 526 (114 SE 899). Granting, for the purpose of argument, that rules as to *pleadings* should not be applied to administrative procedures; yet, rules of law already established by court decision as to a particular administrative proceeding in one case should be applied to the same kind of proceeding in another case. I know of no rule of law which permits anything that is void to be resurrected by amendment,

and the controlling authority, which the majority has refused to follow, holds that the notice in this case is void "and all proceedings thereafter are a nullity." Until this decision is overruled I have no alternative but to follow it; neither has this court. In *Scott v. Undercofler,* this court applied the letter of the law. It now seeks to apply the spirit of the law, yet leaves the decision in *Scott v. Undercofler* standing without criticism or modification and uses a pseudo distinction to justify its holding in the present case without at the same time overruling *Scott v. Undercofler.* This court, in holding that the original notice of discharge here was insufficient, applies the ruling in *Scott v. Undercofler* on the one hand, yet refuses to apply it on the other, when permitting an amendment to a void notice. An amendment is a "proceeding" thereafter and is itself a nullity under the *Scott* case.

In *Scott v. Undercofler,* the court relied on and cited as authority for its ruling two Ohio cases, Owens v. Ackerman (Ohio) 136 NE2d 93, and State ex rel. DeWald v. Ratia, 125 Ohio 487 (181 NE 907). The first case was an appeal procedure; the other was a mandamus action for restoration of employment. Both of these cases relied upon a decision of the same court in State ex rel. Brittain v. The Board of Agriculture, 95 Ohio 276 (116 NE 459) which was a mandamus action, in which latter case it was held that the original notice being void no appeal could be had therefrom and mandamus was a proper remedy. In that case, the original notice of dismissal was amplified and detailed in a writing, copy of which was given to the discharged employee pending the appeal before the State Commission. As to this, the Ohio court said: "This seeming attempt to comply with the statute, two months after the order of removal was made, could not validate the action of the board [the appointing authority in this case] taken on October 9th." It would seem, therefore, that this court in the *Scott* case accepted the parentage of the Ohio courts in declaring the notice void, yet denies its parentage where the void notice is sought to be resurrected by amendment. The arguments and reasons used to support the ruling by the majority here, that is, that liberal rules of pleadings should be permitted

in administrative procedure because those administering the Act are laymen, not lawyers, were urged in the *Scott* case but were there rejected by this court apparently because the appointing authority which gave the notice of discharge to the employee was represented by a "Leviathan operation," the Law Department of the State of Georgia. Is that department less "Leviathan" now than it was only two years ago? It is important that courts be consistent in their rulings so that there may be stability and certainty in the law; for without stability and certainty there is no law,—but only the vacillating opinions of men. If change in judicial law be necessary in the present instance, then let us be frank, admit our error, and overrule the *Scott* case.

Even if I could agree with the majority in its distinction of *Scott v. Undercofler,* insofar as an amendment is concerned, I would have to hold that the so-called amendment offered still would not cure the defects in the notice for the reason that the notice as amended would be insufficient to meet the requirements for such a notice set forth in *Scott v. Undercofler.* Under these circumstances, we should affirm the judge of the superior court in affirming the ruling of the State Personnel Board upholding the appeal of the employee on the grounds of legal insufficiency of the notice. While, according to the majority opinion, the board may have been in error in refusing to allow the amendment, they were not in error in upholding the appeal of the employee since neither the original notice nor the notice as amended would be a sufficient notice. *Scott v. Undercofler,* supra.

I am authorized to state that Judge Frankum concurs in this dissent.