### 55847. COOK v. CITY OF CALHOUN et al.
### 55848. HAMRICK v. CITY OF CALHOUN et al.

DEEN, Presiding Judge.

1. "Provisions of law requiring that a discharged employee be furnished with reasons for removal are mandatory, and a notice that does not comply with such provisions is void and all proceedings thereafter are a nullity." *Scott v. Undercofler,* 108 Ga. App. 460, 463 (133 SE2d 444) (1963). Unlike *Allen v. State Personnel Bd.,* 140 Ga. App. 747 (2) (231 SE2d 826) (1976), this record contains the ordinance of the appellee employer authorizing the drafting of personnel policies for tenured employees of the City of Calhoun by the personnel officer and subsequent adoption by the city council, pursuant to which Policy VIII, Sec. 7, authorizes dismissal for malpractice or misconduct in office, wilful violation of a correct and proper order of supervisor, wilful violations of personnel policies and ordinance, neglect of duty or unsatisfactory performance of duties. It also requires that a recommendation to dismiss shall be in writing containing the reasons why dismissal is recommended. The notice of dismissal of the two appellant employees stated merely that the reason was "conduct unbecoming a member of the police department and against the policy of this department." It was accompanied by a letter from the department head recommending dismissal and stating that after receiving complaints from and talking with unidentified persons, and without making any personal accusations, he believed the conduct of these employees "goes against the policies set up." This is entirely inadequate as a statement of charges, and insufficient to meet the standard of *Kirton v. Biggers,* 135 Ga. App. 416 (2) (218 SE2d 113) (1975), that they apprise the employee of the nature and circumstances prompting his discharge.

The appellee contends that any lack of notice was not harmful to appellants, who in fact presented witnesses at the hearing and thereby indicated that they understood the thrust of the complaints against them, and that in any event the written charges should be considered in connection with the hearing to determine whether any harm resulted from the informality, keeping in mind that "the question on review is not the adequacy of the original notice or pleading but is the fairness of the whole procedure," as stated in *Schaefer v. Clark,* 112 Ga. App. 806, 809 (146 SE2d 318) (1965). The *Schaefer* case was, however, concerned only with the right to amend, and was distinguished from *Scott v. Undercofler,* 108 Ga. App. 460, supra, on that ground. *Schaefer* reiterated that "an employee's discharge could not be effective without specific and adequate notice of the cause for dismissal."

2. We have further read the entire transcript and find nothing therein to support charges of misconduct during on-duty hours. The entire series of complaints which led to the firing involves only the fact that one of the employees, who was married, frequently visited the other, who was not, during off-duty evening hours. The department head stated without contradiction that the work of both, as well as their conduct during working hours, was eminently satisfactory. Even the testimony regarding the visitations was based in large part on circumstantial evidence regarding the parking of a motor vehicle belonging to one of the employees at the home of the other, and this was in part contradicted by a witness who testified she was the one parking the vehicle. Assuming but not deciding that the testimony most favorable to the municipality indicates decided social improprieties during off-duty hours, it is insufficient to authorize a finding of any infraction of law or any reprehensible conduct while on duty.

As stated in Division 1 the notice was insufficient; however, this ground was not specified in petition for certiorari for review. "Conduct unbecoming an officer" was not challenged for overbreadth nor specified in petition for certiorari for review. The only specification listed relates to the sufficiency of the evidence. Viewing the

record in its totality, while not enough to point to an infraction of law or reprehensible conduct while on duty, we cannot say there is not some competent evidence to authorize a determination of "conduct unbecoming an officer" under the personnel policy and under the charter of the City of Calhoun, Georgia. Ga. L. 1963, pp. 3120, 3147, §§ 3-6.

The trial court did not err in denying the writs of certiorari.

*Judgments affirmed. Smith and Banke, JJ., concur.*

ARGUED MAY 2, 1978 — DECIDED MAY 17, 1978.

*Archer, Elsey & Vaughan, David N. Vaughan, Jr., Schuder & Hartness, Edward L. Hartness,* for appellants.

*Shanahan & Shanahan, Thomas E. Shanahan,* for appellees.