## 1235. MEEKS *v.* CARTER.

1. An exception in the following language: "After hearing the certiorari the court overruled the same and refused to grant a new trial, to which ruling plaintiff in certiorari excepts and assigns the same as error," is sufficient in form, and presents for review the questions of law made in the lower court by the petition for certiorari and the answer.

2. A constable may in his official capacity receive notes and other liquidated demands for collection, and is subject to rule if he fails to pay over the proceeds of the collection to the person entitled thereto. Civil Code, §§ 4099, par. 3; 4162.

3. In reviewing the action of the superior court upon certiorari cases presenting errors alleged to have been committed in magistrates' courts in cases involving only small amounts, this court will not interfere for slight errors, where a close approximation to the substantial justice of the case has been attained.

Certiorari, from Stephens superior court—Judge Kimsey. May 15, 1908.

Submitted July 17, 1908.—Decided January 27, 1909.

*Fermor Barrett,* for plaintiff in error.

*N. R. C. Ramsey,* contra.

Powell, J.   We do not deem it necessary to discuss the propositions announced in the first and second headnotes.  As to the proposition contained in the third headnote we wish to say this: Frequently since our incumbency of the bench we have been presented certiorari cases in which the amount actually involved was less than the costs of bringing the cases to this court, was even less than the costs of taking the case from the justice's court to the superior court; cases in which some technical errors appeared to have been committed, but in which justice, or a very close approximation to justice (and by justice we mean that end which ought to be reached in a case by the regular administration of the principles of law involved as applied to the facts), had been actually done by the verdict or the judgment as the case might be.   We concede that the maxim de minimis lex non curat has no applicability to the amount in controversy so far as substantial rights are concerned.   The law should no more refuse to give to one man the just dollar due him than it would refuse to give to another his rightful millions.   Nor are cases involving small amounts less valuable as precedents than those involving large sums; indeed an examination of any collection of those cases which by general consent are classed as leading, in that they have declared great fundamental doctrines, will show that far more than half these great cases involved only small amounts of money.   So far is this true that we have often been tempted to feel that the judicial vision is more likely to be obscured than accentuated when the amount in controversy is large.   But take a case like this: the plaintiff in error, a constable, says, that there should be a new trial of the whole case because, in the petition for the rule nisi against him, the movant did not definitely describe the note which he alleged the constable had collected; and that the amount claimed is not definitely set forth—a deficiency of pleading which, it is true, has been held in many cases to be so serious as applied to practice in the city and superior courts as to require a new trial of the whole case, irrespective of the merits of the controversy as developed on the trial.   Without deciding whether the petition and rule nisi were sufficient or insufficient as judged by the laxity allowed in justice-court practice, we say that the constable suffered no hurt from the movant's delinquency.   He himself on the trial introduced the note in evidence, and was heard fully as to the

amount due by him to the movant. The jury gave against him only a very small amount more than he himself admitted he owed. He is now continuing the contest, not because approximate justice was not done him, but because he claims justice was not done him to the dotting of an i and the crossing of a t. The costs expended since the trial have far exceeded the amount really involved. We will not send the case back for further trial that the i's may be dotted and the t's crossed. We have elaborated the case this much, that it may be a precedent. Counsel who has brought the case here is not to be criticized for doing so; this opinion is not to be considered as a reflection on him. The previous attitude of this court and of the Supreme Court toward these small cases, and the frequent reversals for trivial errors, have been a constant inducement to the bringing of such cases for review. Over certioraries this court alone now has final jurisdiction; and we take this opportunity of saying that in such cases hereafter we do not propose to reverse the judgment for minor and trivial errors, when it is plain that substantial justice, or a close approximation thereto, has been done.                                        *Judgment affirmed.*