11515. CHANDLER *et al. v.* REEVES.

1. The assignment of error as to the overruling of the certiorari is sufficient, and there is no merit in the motion to dismiss the bill of exceptions.
2. "To sustain an application for the removal of obstructions from an alleged private way, the right to which is based upon prescription by seven years' user, it is essential that the applicant show not only that he has been in the uninterrupted use thereof for seven years or more, that it does not exceed fifteen feet in width, and that it is the same fifteen feet appropriated, but that he has kept it open and in repair during such period."

DECIDED JANUARY 25, 1921.

Certiorari; from Cherokee superior court — Judge Blair. April 8, 1920.

*Howell Brooke, J. G. Roberts,* for plaintiffs in error.

*E. W. Coleman,* contra.

BLOODWORTH, J. 1. The bill of exceptions recites that the " judge passed an order and judgment overruling said certiorari, to which order and judgment and ruling the said Claud Chandler and Mrs. Amanda Edwards then and there excepted and here and now except, and assigns said order and judgment and ruling as error, as being contrary to law and contrary to the evidence, and say that said judge, under the law applicable thereto and under the evidence, should have sustained said certiorari. The said Claud Chandler and Mrs. Amanda Edwards say that the court erred in overruling said certiorari, and that the court erred in refusing to sustain said certiorari upon each and every ground thereof." Under previous rulings of this court this assignment of error is sufficiently specific. See *Meeks* v. *Carter,* 5 *Ga. App.* 421 (63 S. E. 517); *Echols* v. *Howard;* 17 *Ga. App.* 49 (1) (86 S. E. 91).

2. An application was made by Reeves to the ordinary, praying that Chandler and Edwards be required to remove obstructions from a private way. The petitioner did not complain that the private way was closed up without first-giving the co-users of the way thirty-days notice in writing, as provided by § 819 of the Civil Code of 1910, but based his petition upon §§ 824, 825, alleging in the 5th paragraph of said petition that "petitioner has used the said street constantly for the past thirteen years and more, and nothing was ever done to prevent his lawful use of same until the same was obstructed by the said defendants." The petitioner relied

solely upon his prescriptive rights, and this court must pass upon the case as made by the record.

It is well settled by the rulings of the appellate courts of this State that " To sustain an application for the removal of obstructions from an alleged private way, the right to which is based upon prescription by seven years' user, it is essential that the applicant show not only that he has been in the uninterrupted use thereof for seven years or more, that it does not exceed fifteen feet in width, and that it is the same fifteen feet originally appropriated, but that he has kept it open and in repair during such period. *Collier* v. *Farr*, 81 *Ga.* 749 (7 S. E. 860), and cases cited; *Nashville &c. Ry.* v. *Coats*, 133 *Ga.* 820 (66 S. E. 1085)." *Johnson* v. *Sams*, 136 *Ga.* 448. See also *Buchanan* v. *Parks*, 111 *Ga.* 873 (36 S. E. 947), and cases cited; *Forrester* v. *McKaig*, 144 *Ga.* 702 (87 S. E. 1060); *Goodwin* v. *Bickers*, 22 *Ga. App.* 13, and cases cited on page 14 (95 S. E. 311). The evidence in this case fails to show that the alleged private way does not exceed fifteen feet in width, that it is the same fifteen feet originally appropriated, and that it has been kept open and in repair for seven years. Therefore the ordinary erred in ordering the obstruction removed, and the judge of the superior court erred in overruling the certiorari.

In view of the foregoing rulings it is unnecessary to pass upon the assignments of error in the petition for certiorari relating to the admission of evidence.

*Judgment reversed.* *Broyles, C. J., and Luke, J., concur.*