## Bregel v. City of Newport, et al.

(Decided April 28, 1925.)

## Appeal from Campbell Circuit Court.

1. Municipal Corporations—Charges Against Chief of Police Not Acts or Omissions Held Insufficient.—Charges of "inefficiency and neglect in performance of duty" filed against chief of police, not setting out specific acts or omissions, were insufficient under Ky. Stats., section 3138-4.

2. Municipal Corporations—Evidence Tending to Show Gambling House, etc., were being run Held Insufficient to Support Charges Against Chief of Police.—Evidence tending to show that gambling houses, houses of ill fame, etc., were run after orders were issued to chief of police to close them, held insufficient to support charges of neglect and inefficiency against him, in absence of proof of specific violations or neglect of duty..

3. Municipal Corporations—Dependency on Subordinates and Legal Limitations on Authority Considered in Determining Charges Against Chief of Police.—In determining whether chief of police has been guilty of neglect of duty or inefficiency, fact that he is dependent to some extent on subordinates for execution of orders, and legal limitations on authority of police officers to arrest and search premises, must be considered.

WILLIAM F. CLARK for appellant.

CHARLES M. CIARLO and LOUIS REUSCHER for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

Frank Bregel was a member of the Newport police department for twenty-five years and for eight years of this term was chief of the police department. On February 8, 1924, charges were preferred against him before the board of city commissioners, and on the 11th of February a hearing was had upon which he was adjudged guilty of the charges and demoted to the rank of patrolman. The charges preferred against him before the board were: (1) that he was guilty of influencing votes at the 1923 election and, (2) inefficiency and neglect in the performance of his duties as chief of police in the years 1922, 1923 and 1924; both charges were sustained. He appealed from the finding of the board to the Campbell circuit court; the case was heard and on February 28, 1924, it was adjudged that he was guilty of inefficiency and neglect in the performance of his duty as chief of

the police department in failing to properly carry out orders from his superiors and regulating the conduct of the police. From this judgment he has appealed to this court.

There was no evidence that appellant was guilty of influencing votes at the election and this charge was properly dismissed by the circuit court. As to the charge of inefficiency and neglect in the performance of his duty a more serious question arises. Section 3138, subsection 4, Kentucky Statutes, provides:

> "No member or officer of the police force or fire department shall be removed from the force or fire department, reduced in grade or pay, upon any reason except inefficiency, misconduct, insubordination or violation of law or of the rules adopted by the commissioners. Any person may prefer charges against an officer or member of the police force or fire department, which must be filed in the office of the mayor, who shall thereupon communicate said charges without delay to the other members of the said board. Said charges must be written, signed by the person making said charges and must set out with clearness and distinctness each and every charge."

The charges filed before the board were in these words:

> " Feb. 7, 1924. I, Joseph Hermann, commissioner of public works, do this day prefer charges against Frank Bregel, chief of police. That he did attempt to influence voters in the election of November 6, 1923, and in the primary of October 20, 1923. I also charge him with inefficiency and neglect in the performance of his duty in the year 1922 and 1923 and January, 1924.
>
> "Signed: Joseph Hermann,
>             Commissioner of Public Works."

This charge is not sufficient under the statute. It does not set out with clearness or distinctness any charge. There is a similar statute authorizing a lawyer to be disbarred for neglect or lack of moral character, but it is uniformly held that the specific charges must be made with sufficient distinctness to enable the person charged to know the acts which are charged against him.

There is a similar statute in regard to physicians. The original act was held unconstitutional in Matthews v. Murphy, 63 S. W. 785, for uncertainty and the amended statute was sustained on the ground that it prescribed a standard and the prosecution under this statute was sustained when the specific acts charged against the defendant were set out, although it was held in that case that the court would not grant an injunction restraining the board from trying the case. Forman v. State Board of Health, 157 Ky. 123. The charge here did not inform the defendant as to the specific things he had done or omitted to do in violation of his duty. The proof on the trial is equally indefinite. One witness testifies as follows:

"I issued written orders from time to time and verbal orders too, to both the commissioner of public safety and the chief and they usually returned them and said they were attended to, and in each case where I issued orders on gambling, houses of ill repute and pool rooms, usually were attended to, that is, the return showed they were attended to, but in going around in my machine I found as high as fifteen or twenty machines at different places, showing that they had not been attended to. I had all the complaints and indications that gambling was present.

"They made a return that such and such a policeman went down to such and such a place and found nothing the matter. That is the way the return was made."

The orders were not produced; the things that the chief of police should have done and did not do are not specified and the fact that the chief of police failed to do anything he should have done is not shown with any certainty.

The only other witness introduced was the mayor, who showed that on January 25, 1924, he issued the following order:

"Mr. C. Ebert, commissioner of public safety.

Dear Sir: I hereby order the entire police department to clean up all gambling, slot machines, punch boards and vice of all kinds. Also hand books. I will hold every officer responsible for any

violation on his beat and he will be subject to dismissal by order of the mayor.

"(Signed) A. J. LIVINGSTON,
Mayor."

He also issued on February 5, 1924, the following order:

"Mr. F. Bregel, Chief of Police, Newport, Ky.

"Dear Sir: My orders of January 25th have not been carried out, in as much as all pool rooms and punch boards and hand books, I understand, are running full blast. I want these orders carried out to the letter or want to know the reason why they are not carried out. Any failure to do so I will hold you accountable.

"Yours, (Signed)
A. J. LIVINGSTON."

He testified that he continued to have complaints sent into him as before these orders were issued; but there was no proof that the chief of police had done anything he ought not to have done or had omitted to do anything he should have done under these orders. The sum of the evidence is that the mayor had information that houses of ill fame, gambling houses, &c., were run in the city and they continued to be run after he issued these orders as before. But the defendant is entitled to have specific charges made against him so that he can intelligently prepare his defense. While the evidence conduces to show a suspicion that gambling houses were being run there is no actual proof of this fact or that any facts were furnished to the chief of police as to these specific houses upon which he should have taken any other action than he is shown to have taken. The evidence taken as a whole is not satisfactory that there was any neglect of duty on the part of the chief. But this may be made clearer when the charges are made specific and the proof is directed to the specific acts or omissions charged. On the return of the case to the circuit court the charges will be permitted to be amended so as to set out with reasonable distinctness the specific neglects of duty complained of and the evidence will be confined to the things charged.

The chief of police is not an autocrat. He is necessarily dependent to some extent upon his subordinates

for the execution of his orders. An officer may not arrest without warrant unless for an offense committed in his presence or when he has reasonable grounds to believe a felony has been committed. He may not search without a search warrant and this may not be issued without probable cause, supported by oath or affirmation. He can only properly break up houses of ill fame or gambling houses by proceeding according to law. In determining whether he has been guilty of neglect or inefficiency these things must be considered.

Judgment reversed and cause remanded for further proceedings consistent herewith.