## 17053.   LEATHERS *v.* WATERS.

1. In a bill of exceptions to review a judgment dismissing a petition for certiorari, an assignment that the judgment is contrary to law and contrary to the evidence is the equivalent of saying that the court erred in rendering the judgment. Where an assignment in the bill of exceptions charges that the judgment was error, it is unnecessary that the bill of exceptions should expressly except to and complain of the judgment. The decision of this court in *Rogers* v. *Culver,* 21 *Ga. App.* 95 (3) (94 S. E. 266), in so far as it lays down a contrary rule, is in conflict with the decision of the Supreme Court in *DuBose* v. *Bank of Sparta,* 139 *Ga.* 115 (76 S. E. 864), and will not be followed. There is no merit in the motion to dismiss the bill of exceptions. See further *Pace* v. *Pace,* 154 *Ga.* 712 (115 S. E. 65) ; *Mathews* v. *Parker,* 124 *Ga.* 144 (52 S. E. 322).

2. In an action on a statutory bond to obtain the process of garnishment in a pending suit, there can not ordinarily be a recovery for attorney's fees or for loss of time incurred by the defendant in defending the main suit upon its merits. Civil Code (1910), §§ 4392, 5268; *Wilcox* v. *McKenzie,* 75 *Ga.* 73; *Porter* v. *Johnson,* 96 *Ga.* 145 (23 S. E. 123) ; *Dent* v. *Dent,* 118 *Ga.* 853 (45 S. E. 680) ; *Mass. Bonding Co.* v. *U. S.*

*Conservation Co.*, 31 *Ga. App.* 716 (122 S. E. 728); 28 C. J. 536. Under the facts appearing, the plaintiff's recovery should have been limited to the damages sustained in dissolving the garnishment. *Mumford* v. *Solomon,* 8 *Ga. App.* 286 (5) (68 S. E. 1075); *Collins* v. *Myers,* 30 *Ga. App.* 151 (117 S. E. 265).

· DECIDED SEPTEMBER 20, 1926.

Certiorari; from Fulton superior court—Judge Humphries. November 6, 1925.

*Lambert & Lambert,* for plaintiff in error.

*Smith & Watson,* contra.

BELL, J. Leathers brought suit against Mrs. Waters to recover commissions alleged to be due him as a real-estate agent. Pending this action the plaintiff executed and filed the statutory affidavit and bond to obtain the process of garnishment, and garnished the defendant's wages, and the defendant dissolved the garnishment. The trial of the main suit resulted in favor of the defendant. Mrs. Waters then brought an action in the municipal court of Atlanta against Leathers and the surety on the garnishment bond, to recover damages as follows: $50 paid to attorneys to represent her in the previous suit by Leathers against her to recover the commissions; $10 for time lost by her in attending court in that case; $5 for the time lost by her in making the bond to dissolve the garnishment. The second suit resulted in a judgment in favor of Mrs. Waters for $60. Leathers then sued out certiorari to the superior court, the certiorari was overruled, and he excepted. The plaintiff in error, in his bill of exceptions, "avers that the overruling of said certiorari and the refusal to grant a new trial was and is contrary to the law, contrary to the evidence, and contrary to the answer of the trial judge to said certiorari, and was manifestly an abuse of the discretion of the judge of the superior court in not granting a new trial and in not sustaining said certiorari, and further, that the order of the judge of the superior court in overruling said certiorari and refusing to grant a new trial was an abuse of his discretion, and was without law or evidence to support it." The defendant in error moved to dismiss the bill of exceptions, upon the ground that the judgment overruling the certiorari is not assigned as error and is not excepted to.

There is no merit in the motion to dismiss the bill of exceptions. The assignment of error was sufficient to bring to this court all

questions raised in the petition for certiorari. *Meeks* v. *Carter,* 5 *Ga. App.* 421 (63 S. E. 517); *Chandler* v. *Reeves,* 26 *Ga. App.* 167 (105 S. E. 724).

The judgment of the municipal court was erroneous, so far as it included a recovery for the plaintiff's loss of time and for attorney's fees incurred in defending the main suit upon its merits. It is unnecessary to further elaborate the headnotes. The court erred in not sustaining the certiorari.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*