## Bromfield v. Board of Commissioners of City of Lexington.

(Decided February 28, 1930.)

L. G. CAMPBELL and WM. H. MILLER for appellant.

WM. H. TOWNSEND and DAVID C. HUNTER for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

In the spring of 1929, Mrs. Sarah E. Bromfield, the wife of the appellant, who was then a member of the

police force of the city of Lexington, brought suit against J. R. Blanton to recover money which she had recently intrusted to her husband and which he had lost to Blanton in wagers on horse races, colloquially known as "betting through the handbooks." When the chief of police learned of this suit, he filed charges against the appellant with the board of city commissioners of Lexington. On April 23, 1929, the appellant was cited and notified to appear before the board to answer the charge of "improper conduct which renders you unfit and an improper person for employment by the city of Lexington, to wit: betting in a handbook." Prior to the filing of these charges and his trial by the board, Bromfield had visited the chief of police and later the mayor of the city and on being questioned by them, admitted his guilt. On his trial by the board, he was found guilty and dismissed from the force. Pursuant to section 3138-5 of the Statutes, appellant appealed from this decision of the board to the Fayette circuit court. Before the case came on to be tried in the circuit court, appellant appeared before the Fayette grand jury and there gave testimony which resulted in the indictment of Blanton and others on the charges of gaming. On June 10, 1929, the appellees filed in the circuit court an amendment to the charges which had been preferred against the appellant. This amendment added nothing new to the charges but simply made those already filed more specific, definite, and certain. The amendment was filed without objection on the part of appellant. In due course of time, the trial was had in the circuit court, and after the mayor and chief of police had testified concerning the admissions made by the appellant as to his guilt, and after the appellees had closed their case, the appellant then filed a written plea which he called a "special plea" and in which he asked that the proceedings be dismissed because the court had erred in allowing the appellee to make its charges of misconduct more definite and specific; secondly, because the charges were insufficient in that they did not aver that the appellant had been guilty of gaming within five years before the filing of the charges, and, lastly, because having testified about this gaming before the Fayette grand jury, he was, by force of the provisions of section 1973 of the Statutes, immune from further prosecution. In support of the last ground, he filed his affidavit setting forth the fact of his having testified before the grand

jury. Thereupon the court permitted him to be cross-examined by the appellees, and again he admitted on the stand his participation in the gaming which formed the basis of the ground of misconduct of which he stood charged. The court overruled appellant's motion to dismiss the charges; found him guilty and entered a judgment dismissing him from the police force of the city of Lexington. From that judgment he appeals.

That the appellees had the right to make the charges more definite and certain is settled by the case of Bregel v. City of Newport, 208 Ky. 581, 271 S. W. 665. In that case the charges which were preferred against a policeman we held to be too indefinite. For that reason, among others, we reversed the case with instructions that the charges be amended and made more definite, certain, and specific, before the next trial in the circuit court. This case is decisive of the appellant's first contention.

The second ground relied upon in support of the contention that the charges should have been dismissed is based on the fact that the charges failed to allege that the appellant had been guilty of gaming within five years prior to the filing of the charges. In the case of Holliday v. Fields, 210 Ky. 179, 275 S. W. 642, 646, in considering the sufficiency of the charges preferred by the Governor against the sheriff of Perry county as the basis for the latter's removal from office, we said:

"The charges are not required to possess the formalities and exactness of an indictment."

All that the statute in this case requires is that the charges made shall be set out with distinctness and clearness. The amended charges state that the appellant had been guilty of the misconduct charged "while a police officer of the city of Lexington." The statute authorizing a dismissal from the force for misconduct in office, Kentucky Statutes, sec. 3138-4, prescribes no limitation upon the misconduct, although, perhaps, it would necessarily have to be so relevant in time as to raise the inference of the officer's unfitness to hold the office further. The charges did allege misconduct, and that, while the appellant was a police officer. The proof showed it to be relevant in time. If he wished the time of the misconduct to be made more certain, he should have filed a motion to that effect. Having failed to do so, and disclosing by his own admissions and testimony that he

knew of the time to which his alleged misconduct referred, appellant cannot now complain that the charges were not definite and certain in this particular.

As to the last ground, section 1973 of the Kentucky Statutes provides:

"In any prosecution for a penalty against gaming, it shall be no exemption for a witness that his testimony may criminate himself; but no such testimony given by the witness shall be used against him in any prosecution except for false swearing or perjury, and he shall be discharged from all liability for any gaming so necessarily disclosed in his testimony; and, furthermore, the person against whom he testifies shall not be received to prove any gaming theretofore by such witness."

This statute plainly means that one who has testified in a prosecution for a penalty against gaming cannot thereafter be convicted by reason of such testimony, and that he cannot be prosecuted for any gaming, the disclosure of which was necessarily caused by his testimony so given. It plainly does not mean that if the party was known to be guilty of the crime of gaming, prior to such guilt being admitted by his testimony in any prosecution for a penalty for gaming, and could be convicted by testimony other than that later given by him before the grand jury or during some other stage of a prosecution, he could not be prosecuted and convicted. Here appellant's guilt and the fact of his participating in gaming was known long before he testified before the grand jury. His appearance before that body had nothing to do with the discovery of his participation in gaming. That had been disclosed by his wife's suit. No prosecution of any one had been instituted when he made his admissions to the chief of police. Such admissions voluntarily made were admissible thereafter against him, section 11 of the Constitution not being applicable. Turner v. Commonwealth, 227 Ky. 520, 13 S. W. (2d) 533. Nor did appellant's conviction by the board or in the circuit court rest upon any testimony he had given before the grand jury. It results then that ground three, relied upon for a reversal, is without merit.

The judgment of the circuit court is therefore affirmed.