By the Court.
 

 This is an original action in mandamus in this court, wherein the relatrix prays for a writ of mandamus commanding the defendant to reinstate and restore her to the office of commissioner of cemeteries of the city of Cleveland.
 

 The case was submitted to the court upon petition, answer, reply and stipulation of facts. It appears that the relatrix was first employed in the city cemetery department in 1900; that she took a civil service examination for that position in 1911, passed, and was placed in the classified list; that she was appointed secretary of the cemetery department in 1912, and on January 18, 1917, took a competitive examination for
 
 *488
 
 supervisor of cemeteries and was duly appointed to that position on March 22, 1917. On January 1, 1925, she was appointed commissioner of cemeteries and since that time has been continuously in that office. The duties performed by the relator as supervisor of cemeteries, and, later, as commissioner of cemeteries, were substantially the same.
 

 The petition alleges that on March 12,1932, she was wrongfully and unlawfully discharged1 from her office as commissioner of the division of cemeteries by the defendant, the director of parks and public property of the city. The pleadings on file contain a large number of provisions of the city charter, rules of the Civil Service Commission, and ordinances of the city which are claimed to have a bearing upon the legal questions presented. However, we will only refer to such of them as are necessary for the disposition of this case.
 

 The first question to be determined is whether the relator occupies a position within the civil service classification of .the city. A city charter was adopted by the electorate, which became effective on January 1, 1924, and amendments thereto were later adopted, becoming effective on November 9,1931. During those periods the city charter at all times contained, under the head of “Classification,” divisions of the civil service of the city into classified and unclassified service. Section 126 of the present charter reads, in part, as follows: “The civil service of the city is hereby divided into the unclassified and the classified service. (1) The unclassified service shall include: * # * (f) Such heads of divisions * * * as the civil service commission shall from time to time, by rule, determine. * * * (2) The classified service shall comprise all positions not specifically included by this charter in the unclassified service.”
 

 It will be noted that subdivision (f) of that section includes in the unclassified service “such heads of divisions * * * as the civil service commission
 
 *489
 
 shall from time to time, by rule, determine.” No such rule of the Civil Service Commission, placing the head of this division in the unclassified service, has been called to our attention. Therefore the relator, in the absence of such rule, retains her classified position. The relator, now as commissioner of cemeteries and formerly as supervisor of cemeteries, was at all times the head of a division, and her duties, whether performed as “Supervisor” or as “Commissioner,” were substantially alike. We are of the opinion that, under the last-named provision, as well as under Section 142 of the present charter, the relator has preserved the status of a classified appointee.
 

 Occupying such classified status, was the relator wrongfully discharged? Section 128 (m) of the present charter requires, among other things, that the Civil Service Commission shall provide rules for the discharge of a person under civil service. It provides for discharge “only after the person to be discharged * * * has been presented with the reasons for such discharge * * * specifically stated in writing and has been given an opportunity to be heard in his own defense. The reasons for such discharge * * * and any reply in writing thereto by such employee shall be filed with the commission.” It appears that the Civil Service Commission adopted a rule substantially in the language of the charter providing that before any person in the classified service should be discharged, he should be presented by the appointing authority with the reasons for such discharge specifically stated in writing.
 

 The only “reasons” assigned by the defendant, the director of parks and public property, for the discharge of the relator were first given her by letter of March 12, 1932, wherein he stated: “It is my opinion that your department will function more effectively with one at its head wholly in sympathy with the Mayor and his program, and a change for the good
 
 *490
 
 of the service is therefore necessary.” On March 18, 1932, the director amplified his former letter by advising the relator that the reasons for her discharge were as follows: “1. Political activity of such nature as to indicate your inability to cooperate. 2. Other and further reasons generally described in my previous letter as for the good of the service.”
 

 It is manifest that these letters do not comply with the provisions of the charter, requiring the reasons for the discharge to be specifically stated in writing, so as to sufficiently give opportunity to the relator to be heard upon her own defense. The letters do not state the specific character of the charge of “political activity” which she was required to meet; nor do they indicate what the “other and further reasons” were that required her discharge. The relator was left in doubt as to what the exact nature of these reasons were.
 

 It is obvious that this mode of discharge of a civil service servant falls within the condemnation of
 
 State, ex rel. Brittain,
 
 v.
 
 Board of Agriculture,
 
 95 Ohio St., 276, 116 N. E., 459, wherein the third proposition of the syllabus reads as follows: “The provision of Section
 
 486-17a,
 
 General Code, that in all cases of removal the appointing authority shall furnish the employe its reasons for the order of removal, is mandatory and the failure of the appointing authority to comply with this provision is fatal to such order and the same is a nullity.”
 

 It is therefore the opinion of the court that, under the terms of the charter and the rules of the Civil Service Commission, and under the undisputed facts which are contained in this record, the relator was wrongfully discharged and a writ will issue command
 
 *491
 
 ing the defendant to restore her to the office of commissioner of cemeteries of the city of Cleveland.
 

 Writ allowed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Stephenson, JJ., concur.