## Brewer v. City of Ashland.

(Decided Oct. 11, 1935.)

A. W. MANN and GEO. F. GALLUP for appellant.

R. CAMPBELL VAN SANT for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

This is an appeal from a judgment upholding an order entered by the board of commissioners of the city of Ashland dismissing W. C. Brewer from his erstwhile position as a policeman.

## The Charges.

We shall copy a part of the charges addressed by the city manager to the commissioners:

"I hereby charge W. C. Brewer, patrolman of the police force of the City of Ashland, with being guilty of immoral habits, lascivious and improper conduct which render him an unfit and improper person for employment by the city in violation of Section 4 [11], an ordinance prescribing the rules and regulations for the appointment, promotion, suspension and dismissal of the members of the Police Department of the City of Ashland. * * * For the past several months said Brewer has been guilty of having immoral and illicit intercourse with one Ida Madeline Gabbert formerly Mrs. Loyd D. Bryan, and there was born to said Ida Madeline Gabbert and W. C. Brewer, out of wedlock, a male child on the 31st day of May, 1934."

Upon these charges, and after notice to him, and hearing thereon, Brewer was found guilty and dismissed.

Brewer appealed to the circuit court, and from an adverse judgment there he has come to this court. All of this being in conformity to section 3235 dd-35 Ky. Stats. Supp. 1933.

## Ground for Reversal.

Brewer is urging here that the evidence against him was insufficient to sustain the action of the commissioners.

By section 4 (11) of the ordinances of the city of Ashland a policeman may be dismissed for:

"Any immoral habits, lascivous or improper conduct not herein enumerated which would render him an unfit and improper person for employment by the City."

## The Evidence.

Brewer is a married man, but the city manager testified that Brewer told him he was the father of this child and proud of it. The testimony of the chief of police is to the same effect. Ten other witnesses testified to corroborating facts. Brewer offered no evidence. He relies upon sec. 240 of the Criminal Code of Practice; but this is a civil and not a criminal proceeding, and section 240 of the Criminal Code of Practice does

not apply. The evidence was sufficient. See Bromfield v. Board of Commissioners, 233 Ky. 250; 25 S. W. (2d) 393; and 43 C. J. p. 786, sec. 1356, notes 48 and 49; and same volume, p. 790, sec. 1361, note 27; also, sec. 1362, notes 37 and 38.

Judgment affirmed.