# Mason v. Seaton, Mayor, et al.

December 10, 1946.

Joseph S. Freeland for appellant.

Adrian H. Terrell for appellees.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

This is an appeal from a judgment refusing a writ of mandamus against the appellees. The controversy arose in the following manner:

The appellant filed with the Board of Commissioners of the City of Paducah, the legislative body of that city, two affidavits purporting to constitute a statement of charges against the chief of police. The members of that Board refused to hold a hearing on the charges, whereupon this action was instituted.

Appellant's petition alleges the filing of the written charges pursuant to KRS 95.450 which requires a hearing on charges of this nature within three days from the time they are filed. It further alleges that more than

three days had elapsed without the hearing. Copies of the written charges were not filed with the petition but were later produced by the appellees and made a part of the record. They show the appellant to be Secretary of Sub Local of Div. 1389, Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America, and senior officer in charge of the local strike activities of the employees of the Dixie Greyhound Lines, and that on January 16, 1946, he received a report from two pickets on duty that "one of the men imported from Memphis by the company" was carrying and displaying a black jack. Not knowing the name of this man the appellant secured a "John Doe" warrant. The party was not identified until two days later, at which time the appellant went to the police station to get an officer to serve the warrant. It could not be located and was not found until January 30th. These are all the material facts set out in the first affidavit. Several days later, after appellant had been advised by the city attorney that the charges as drawn were insufficient to hold a hearing thereon, an amended affidavit was filed. This amendment, besides setting forth some personal opinions of the appellant, adds the additional fact that the chief of police made a statement to the effect that "he has cooperated with the company (Greyhound) one hundred percent in the past and intended to continue to do so."

The matter was submitted to the circuit court on a demurrer to the petition and a motion to issue the writ prayed for, and the judgment sustains the demurrer, refuses the writ and dismisses the petition.

KRS 95.450(1) provides (with an exception not material here) that no member of the police or fire department in cities of the same class as Paducah shall be reprimanded, dismissed or demoted for any reason except inefficiency, misconduct, insubordination or violation of law or of the rules adopted by the city legislative body, and then only after charges are preferred and a hearing conducted thereon. Subsections 2 and 3 of that section are as follows:

"(2) Any person may prefer charges against a member of the police or fire department by filing them with the city manager, if there is one, otherwise with the mayor, who shall file the charges without delay with the

clerk of the city legislative body. The charges shall be written, signed by the person making them, and each charge shall be clearly set out. The city manager, if there is one, otherwise the mayor, shall, whenever probable cause appears, prefer charges against any member whom he believes guilty of conduct justifying his dismissal or punishment. The charges shall be written and shall set out clearly the charges made.

"(3) Upon the hearing all charges shall be considered traversed and put in issue, and the trial shall be confined to matters related to the issues presented. Within three days after the charges have been filed with the city legislative body, that body shall proceed to hear the charges. At least two days before the hearing the member accused shall be served with a copy of the charges and a statement of the day, place and hour at which the hearing of the charges will begin. The person accused may, in writing, waive the service of charges and demand trial within three days after the charges are filed with the clerk."

Appellant declines to discuss the question of the sufficiency of the charges filed by him against the chief of police, insisting that the sufficiency of such charges is one of the matters to be determined by the Board of Commissioners at the hearing required by the statute. In support of this contention he relies solely on the wording of the quoted statute and KRS 446.010 which provides that the word "shall" is mandatory when used in a statute unless the context of the statute requires otherwise. It is true that subsection 3 of the applicable statute provides that the city legislative body "shall proceed to hear the charges." In our opinion the decision of this question does not turn upon this provision of the section, but rather upon the meaning of the word "charges" as used several times therein. The statute requires that the charges shall be in writing, signed by the person making them, and in two separate instances further requires that the written statement must clearly set out the charges made. It is plain that the provisions of this statute are mandatory with respect to the hearing on the charges if such charges are legally sufficient within the meaning of that term as used. The requirement, emphasized by repetition, that the charges be "clearly set out" leads us to the belief that the legislature did not intend that an

officer should be tried upon any and every written criticism of his conduct which a citizen might make of his activities. To hold otherwise would impose unnecessary and burdensome duties upon the legislative body of a city of a class specified in the statute. It would even require that body to hold hearings upon receipt of letters from irresponsible and irritated persons, and subject not only such body, but officers, to annoyance by any person or groups of persons having personal grievances. Much unnecessary waste of the officials' time would result if such construction be placed upon this statute.

The many definitions of "charges" which we have found are of little assistance, but in Tompert v. Lithgow, 1 Bush 176, it is said that "charges" signify an accusation, made in a legal manner, of illegal conduct, either of omission or commission, by the person charged.

Reference to the first subdivision of the statute under consideration clearly shows that the legislature intended by its enactment to afford a measure of protection to members of the police or fire departments in the cities referred to from unnecessary and unfounded accusations. A consideration of the whole statute shows that charges made against an officer must be definite and certain and of such character as to establish inefficiency, misconduct, insubordination, or violation of law. See Bregel v. City of Newport, 208 Ky. 581, 271 S. W. 665; Barney v. City of Ashland, 220 Ky. 657, 295 S. W. 998, and Armstrong v. Board of Civil Service Com'rs of City of Newport, 243 Ky. 415, 48 S. W. 2d 1055. Therefore, if appellant's complaints, which must be accepted as true, do not state facts upon which the Board of Commissioners could find the chief of police guilty of inefficiency, misconduct, insubordination, or violation of law or the rules of the police department, the Board's action in refusing the hearing was proper. Lowe v. Phelps, 14 Bush 642; Norman v. Kentucky Board of Managers of World's Columbian Exposition, 93 Ky. 537, 20 S. W. 901, 18 L. R. A. 556.

Since the appellant refuses to discuss the sufficiency of the charges made by him it is hardly necessary for us to do so, but it is quite apparent that the facts disclosed in the two affidavits fall short of the showing made necessary in such cases by KRS 95.450(1). Manifestly, when

the "John Doe" warrant was delivered to the chief of police there was no action he could take unless appellant, or someone else, pointed out the accused person to him. When appellant learned the identity of the accused person two days later, and the "John Doe" warrant could not be located, there was nothing to prevent him from securing a valid warrant naming therein the person he intended to charge.

Section 27 of the Criminal Code of Practice requires that a warrant of arrest shall in general terms describe the offense charged, state the county in which it was committed, and command the person to whom it is directed to "arrest the person named therein." In Hardin v. Commonwealth, 202 Ky. 670, 261 S. W. 21, this court had occasion to consider the sufficiency of a warrant which left blank the name of the person charged with the offense. There we held that the warrant did not meet the necessary requirements, saying:

"Obviously the warrant under consideration did not measure up to the requirements of this section, for the party charged was neither direct or certain. No person is accused by the warrant."

The "John Doe" warrant delivered to the chief of police did not disclose the identity of the person to be arrested, and since there is nothing in this record to indicate that any additional information was given, there was no duty on the part of the police chief to deliver this defective warrant to a police officer for execution. Such an act would have been futile.

As we view the two affidavits which together constitute the basis for this litigation, the only accusation is that the police chief held the "John Doe" warrant and refused to deliver it to one of his officers for execution. Under the circumstances he was under no duty to do so. The remaining subject matter of the affidavits constitutes merely criticisms which are to be given no more weight than the usual criticisms of persons not satisfied with the manner in which a police department is conducted.

Since the judgment of the lower court conforms to the views herein expressed, it is accordingly affirmed.

Dissenting opinion by Judge Siler.

The question in this case was whether the appellant had a legal right to require the city legislative body of the City of Paducah to hear charges or to "air out," as we sometimes say, his complaint against a member of the city's police department within and under KRS 95.450.

Appellant filed, in McCracken Circuit Court, his petition seeking a mandamus to require the city legislative body to hear his charges. His petition alleged that this appellant had filed his written charges, signed by him, with the city manager; that the city manager had in turn filed such charges with the clerk of the city legislative body; that the city legislative body had refused or failed to hear appellant's charges or to conduct any trial of same. It is my view that appellant's petition, containing the above allegations, stated a good cause of action and that the trial court committed error to the prejudice of appellant's substantial rights in sustaining a demurrer to his petition.

It is entirely possible that appellant's charges against this police officer would not, upon a proper hearing, have constituted such inefficiency or misconduct or violation of law as to have authorized the city legislative body in taking any action whatever against the officer, not even a reprimand. However, it was, as I see it, the duty of the city legislative body to set the case for trial and then to hear and to try the case, permitting this appellant to have the opportunity to be heard and to state fully his grievances, whatever they may have been. The only formalities required by KRS 95.450 were that the charges be preferred, that they be written, that they be signed, that they be properly filed. Appellant fulfilled all of those requirements. Therefore, he had a right to be heard. He had a right of trial of his complaint.

KRS 95.450 invests the city legislative body with a judicial function, making it a temporary and informal court for a specific purpose. Therefore, this city legislative body became a judicial body upon the proper filing of appellant's charges before it. A judicial body cannot champion any person nor any cause. It cannot champion labor nor capital, the "dry" cause nor the "wet" cause, the Republican Party nor the Democratic Party, the Protestant Church nor the Catholic Church, the rich nor the poor. To champion any of these or

534

to champion any particular person would make the judicial body prejudicial, instead of judicial. The judicial body only champions justice and right, as it is given to it to see justice and right. The judicial body must be, like the Goddess of Justice, blind, that is blind to all kinds of partisanship. It must be unemcumbered with any of the impediments of preconceived notions. Socrates, one of time's wise men, said, "Four things belong to a judge—to hear courteously, to answer wisely, to consider soberly, to decide impartially." But, as hereinabove indicated, the Paducah legislative body, acting as a judicial body, failed to carry out Socrates' first judicial requirement, namely, "to hear courteously." It refused to hear appellant at a trial. The Apostle Paul once said, "We know that the law is good, if a man use it lawfully." It seems to me that the law, in this instance, was not used lawfully because there was no "hearing" as required by the statute.

Since appellant alleged in his petition that he followed the requirements of the law but that the appellees did not follow such requirements in that they did not conduct a hearing of the charges preferred by appellant, he stated, as I see it, a good cause of action and he was, as I believe, entitled to a mandamus to require appellees to follow the law and to conduct the requested hearing as a judicial body.

Because of these views of mine, I respectfully dissent from the majority opinion of the court.