## CITY OF MIDDLESBORO v. HARRELL.

Court of Appeals of Kentucky.

May 14, 1954.

Robt. J. Watson, Middlesboro, for appellant.

A. E. Funk, Jr., Middlesboro, for appellee.

STANLEY, Commissioner.

The question is the authority of the Civil Service Commission of a city of the third class to receive and hear charges of misconduct on the part of its chief of police.

Middlesboro had created a Civil Service Commission as provided in KRS 90.310. In February members of the common council filed with the Commission "charges of various offenses in an attempt to oust" Guy Harrell as chief of police. A few days later the council suspended him from office without pay. Harrell objected to the jurisdiction of the Commission, but it proceeded with hearings and then continued the matter indefinitely. Harrell then petitioned the council to grant him a hearing on the charges and his suspension. They did not do so and he then filed this suit against the city seeking an injunction requiring his reinstatement and the recovery of his salary from the date of his alleged illegal suspension. The city merely pleaded that the complaint did not state a claim upon which relief could be granted and prayed its dismissal.

The circuit court ruled the Civil Service Commission had no jurisdiction in the matter and that under the provisions of Chapter 95 of the Statutes, the council alone has the authority to hear any charges that might be preferred against the chief of police; further, that since no charges were legally pending, the action of the council in suspending the officer was void. The prayers of the complaint were granted. The city appeals.

Chapter 90 of the Statutes is entitled, City Civil Service. It enables the establishment of the service by cities of the first, second and third classes. KRS 90.-300 to 90.410 relate to cities of the second and third classes. KRS 90.310 empowers a city of the third class which elects to operate under the Statute by ordinance to classify employees and designate the class it desires to include in the system. Other

related sections establish a code of practice. This record does not indicate any conformity other than that a Civil Service Commission had been created. In any event, KRS 90.300(2) provides:

"The provisions of KRS 90.310 to 90.410 are independent of and do not affect the laws governing the police and fire departments, nor their pension funds, in cities of the second and third classes."

On the other hand, Chapter 95 of the Statutes, entitled, City Police and Fire Departments, deals specifically and comprehensively with those classes of city officers and employees. KRS 95.430 declares both generally and specifically that the legislative body of a city of the second or third class shall have control of the police and fire departments (with an exception in subsection 6 not material here), and subsequent sections deal with the qualifications, appointment, and discipline of members of the two departments. KRS 95.450 effectually, although not by name, establishes civil service for them. This section sets up a code of practice much like that for Civil Service Commissions established under Chapter 90 of the Statutes. Here the charges are filed with the clerk of the legislative body where there is no city manager. The hearing and determination of the charges are by the legislative body. This, therefore, is an independent law governing the police and fire departments of a city of the third class such as is expressly excluded from the provisions of Chapter 90 by KRS 90.300(2) quoted above. The history of the two chapters is that the system covered by Chapter 95 was originally set up long before that covered by Chapter 90. This fact emphasizes the exclusion of police departments from the application of Chapter 90. We have recognized that the authority lies with the city legislative body. Jenkins v. Keith, 285 Ky. 240, 147 S.W.2d 397; Seiter v. City of Covington, 290 Ky. 699, 162 S.W.2d 524; Mason v. Seaton, 303 Ky. 528, 198 S.W.2d 205.

The judgment is affirmed.