THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* SAM LONGO and BRUCE THOMAS SHATTUCK, Respondents.

Fourth Department, May 10, 1962.

*Joseph A. Ryan*, District Attorney (*Helen B. Norem* of counsel), for appellant.

*Henry E. Taylor* for Sam Longo, respondent.

*Wilfred E. Hoffman* for Bruce Thomas Shattuck, respondent.

BASTOW, J. An indictment charging defendants with a violation of section 1839 of the Penal Law has been dismissed as legally insufficient and the People appeal.

That instrument alleges in substance that defendants, as Deputies Sheriff, on November 7, 1960 committed an unlawful act tending to hinder justice by unlawfully transporting a named " known and convicted prostitute " from Syracuse to Rochester with knowledge that she had confessed to having committed an act of prostitution on a stated date in violation of subdivision 4 of section 887 of the Code of Criminal Procedure with an unnamed but partially identified male. It is further alleged that this act was done after the female " had apprised " defendants that the State Police knew the identity of the male and had a statement from him " admitting the same." The indictment concludes that thereby defendants aided " her to escape lawful arrest and punishment " in Onondaga County.

Section 1839 of the Penal Law is an omnibus section making criminal certain acts of a Sheriff, Coroner, Clerk of a court, Constable, or other ministerial officer or their deputies or subordinates. Subdivision 1 thereof relates to the taking of gratuities or promise thereof by such officials to permit a prisoner to escape. Subdivision 2, with which we are here concerned, makes it criminal for any of such officials to commit " any unlawful act tending to hinder justice ".

This latter provision made its first appearance in the proposed Penal Code presented to the Legislature in 1864, which had been prepared by the Commissioners of the Code pursuant to statutory authority (L. 1857, ch. 266). At that time provisions relating to escape from confinement or custody, aiding such acts by others and neglect of duty by certain named officials were found in 2 Revised Statutes (1867 [Edmonds 2d] part IV, ch. I, tit. IV, §§ 13–24, pp. 704–707).

The new proposed code divided these provisions relating to escape into two categories. Sections 136 to 146 constituted a separate chapter and made criminal (1) certain acts relating to escapes by prisoners and (2) those acts of " every person " who, under stated conditions, assisted prisoners to escape or concealed them. A further chapter (§§ 171–223) was entitled " Other Offenses Against Public Justice." Section 172 contained, among other things, the provision making it criminal for ministerial officers to commit " any unlawful act tending to hinder justice ".

During the 17 years that this proposed code was under consideration these provisions were substantially rearranged and renumbered. As finally adopted, however (L. 1881, ch. 676) we

find in section 115 the identical language now contained in section 1839, except that portion of the last paragraph relating to forfeiture of office which was transferred (L. 1909, ch. 88) from section 159 of the Code of Civil Procedure and the last sentence which was added by chapter 226 of the Laws of 1917.

It does not appear that this statutory provision making criminal unlawful acts of certain officials which tend to hinder justice has been judicially construed but the meaning of the words is not difficult to ascertain. "Justice" means that end which ought to be reached in a case by the regular administration of the principles of law involved as applied to the facts. (*Meeks* v. *Carter*, 5 Ga. App. 421.) "Hinder" is synonymous with "obstruct" and statutes are common that make it a criminal act to obstruct or hinder a public officer. (Penal Law, § 1870.) Thus, it has been written that "To 'obstruct' is to interpose obstacles or impediments, to hinder, impede or in any manner intrude or prevent, and this term does not necessarily imply the employment of direct force or the exercise of direct means." (3 Wharton's Criminal Law and Procedure [1957 ed.], § 1284, p. 634.)

The respondents contend, and so the court held in sustaining the demurrers, that the only act alleged was that of transporting the female from one city to the other and such was not unlawful. It was further stated that the indictment failed to allege that the defendants had a warrant for the arrest of the female. From this it was concluded that defendants could not make an arrest unless the crime was committed in their presence.

In our opinion all of this misses the point. Defendants were not charged with failure to make an arrest or aiding an escape. In substance the indictment alleges that the defendants had knowledge that the female had confessed the commission of certain acts that would make her a vagrant, as defined in subdivision 4 of section 887 of the Code of Criminal Procedure; that the female had told defendants that the State Police knew the identity of the male participant and had a statement from him. Knowing these facts, it is alleged, defendants aided her to escape arrest and punishment and committed an "unlawful act tending to hinder justice" by transporting the female from one city to another.

The latter act standing alone may not have been unlawful but when considered with the other alleged facts it cannot be said as a matter of law that the facts stated do not constitute a crime. (Code Crim. Pro., § 323, subd. 4.) Further particulars constituting the alleged crime are a matter of evidence which need not be set forth. (*People* v. *Knapp*, 206 N. Y. 373, 384.)

The order appealed from should be reversed on the law and the indictment reinstated.

WILLIAMS, P. J., HALPERN, McCLUSKY and HENRY, JJ., concur.

Order unanimously reversed on the law and indictment reinstated.