40226.   SCOTT v. UNDERCOFLER, Commissioner.

DECIDED SEPTEMBER 4, 1963—
REHEARING DENIED OCTOBER 10, 1963.

[redacted]

Olon E. Scott, *pro se*.

*Eugene Cook, Attorney General, Louis F. McDonald, Assistant Attorney General,* contra.

Hall, Judge. At the hearing before the State Personnel Board and in his petition for certiorari the employee raised the issue that the notice of dismissal given to him was not sufficient to comply with § 12.400 of the Rules and Regulations of the State Personnel Board. This rule was in evidence, and provides: "The Appointing Authority, upon notice in writing to an employee stating specific reasons therefor, may dismiss any employee for cause as herein defined. The Appointing Authority shall send a copy of the notice to the Director. For the purpose of these rules, 'cause' for dismissal shall be (1) negligence or (2) inefficiency in performing the duties of the position held, (3) unfitness to perform assigned duties, (4) insubordination, (5) misconduct reflecting discredit on the Department, or (6) political activity in violation of Section 3.100."

The letter of dismissal from the Department of Revenue to the employee read as follows: "This is to advise that your services with the Income Tax Unit of this department will terminate effective at the close of business, December 31, 1959. Your attitude and demeanors with the public are inexcusable and will not be condoned by the department. This matter has been discussed with you by your immediate supervisor and the Chief of Field Operations and the Director, himself, requesting that your attitude toward the public be modified. You have chosen to disregard their advice, and your unpleasant relations with the

taxpayer continue to be reported to the Commissioner. It is for these reasons that it has been decided that you be separated from the department."

In many jurisdictions civil service laws have become effective, giving public employees tenure in office and the right to notice and hearing upon discharge for cause. Following such laws the courts have guarded the rights of employees of Federal, State, and local governments to be given notice of the reasons for discharge, affording them a fair opportunity to defend themselves against loss of their employment. Deak v. Pace, 185 F2d 997 (C.A.D.C.); Money v. Anderson, 208 F2d 34 (C.A.D.C.); Manning v. Stevens, 208 F2d 827 (C.A.D.C.); Kutcher v. Higley, 235 F2d 505 (C.A.D.C.); Boucher v. Department of Labor, 226 La. 227 (75 S2d 343); Hays v. Louisiana Wild Life & Fisheries Comm., 243 La. 278 (143 S2d 71); State ex rel DeWald v. Matia, 125 Ohio 487 (181 NE 901); Bregel v. City of Newport, 208 Ky. 581 (271 SW 665); Town of West New York v. Bock, 38 N.J. 500 (186 A2d 97). Some courts have gone so far as to hold, when the law requires that the employee be furnished with specific reasons for discharge, that the notice should state the times, dates, and places of the incidents or conduct giving cause for the employee's discharge. Hays v. Louisiana Wild Life & Fisheries Commission, supra; Deak v. Pace, supra.

The issue of the particularity required in a notice of charges against an employee protected by the Georgia Merit System Law has not been directly determined by our appellate courts. We recognized in *Jones v. Mayor of Athens*, 105 Ga. App. 86, 92 (123 SE2d 420), where the applicable statute required that the city employee to be discharged be "presented with reasons for such . . . discharge specifically stated in writing" and "given an opportunity to be heard in his own defense," that the notice must be "such that the employee would have sufficient knowledge or reason to know the basis on which his removal is sought," or that the charges must be in terms sufficiently explicit to enable the employee to make an explanation. Under the Federal law, "Charges preferred for removal [of Federal employee from the classified civil service] must be specific enough to provide a fair opportunity for refutation by the innocent who have no knowledge of the conduct charged, as well as the guilty who do possess

such knowledge." Money v. Anderson, 208 F2d 34, supra. "It is the 'spoil system' that Civil Service desires to eradicate . . . [The] value of Civil Service Reform is wholly dependent on whether the law and the evidence, without exception, are fairly and justly applied by the Board of Civil Service Commissioners, and in the courts with an even hand freely and fearlessly enforced. We do not pass on the expediency or wisdom of the law; our responsibility is that when a law is clear and free of ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit . . . When the Board of Civil Service Commissioners is right the duty of a Court is to keep it right, and when wrong to place it right." Boucher v. Department of Labor, 226 La. 227, 234, supra.

We believe that the Georgia Merit System Law (*Code Ann.* § 40-2201 et seq., *Code Ann.* § 40-2239) was enacted with the same purpose as other civil service legislation in this country, and that to accomplish that purpose the letter of the law respecting notice of discharge must be followed. Under the Georgia statute (*Code Ann.* § 40-2207) the rules and regulations of the State Personnel Board (Merit System Council) have the force and effect of law. Under these regulations, "notice in writing to an employee stating specific reasons" for discharge is a *sine qua non* of a valid discharge. The letter to Mr. Scott stated that he was being dismissed because of inexcusable "attitude and demeanors with the public" and disregard of the advice of superiors that his "attitude toward the public be modified," and because his "unpleasant relations with the taxpayer continue to be reported to the Commissioner." These reasons were not specific.

Provisions of law requiring that a discharged employee be furnished with reasons for removal are mandatory, and a notice that does not comply with such provisions is void and all proceedings thereafter are a nullity. Owens v. Ackerman (Ohio), 136 NE2d 93, 97; State ex rel DeWald v. Matia, 125 Ohio 487, supra. The defect in the notice given to Mr. Scott was fatal to his discharge. For this reason the trial court erred in overruling the petition for certiorari and affirming the dismissal of the employee. It is not necessary to consider the employee's other assignments of error.

*Judgment reversed. Carlisle, P. J., and Bell, J., concur.*

ON DEFENDANT IN ERROR'S MOTION FOR REHEARING.

Counsel for the defendant in error contend that the employee's assignment of error made it so uncertain what issues were to be decided by this court that they were "left to flounder in a sea of speculation" as to how the contentions of the employee could be met adequately.

It is interesting to note that while the Georgia Merit System law has been in operation for twenty years, this is the first case to reach the appellate courts on the merits of a discharge. One might draw one of these possible conclusions: (1) that during all these years the law has been so scrupulously and fairly administered by all departments of State government that there were no complaints worthy of reaching the appellate courts, or (2) that review through the jungle of administrative procedure, petition for certiorari to the trial court, and then writ of error to the appellate court is a financially impractical remedy to an employee of limited means.

The employee in this case was receiving gross compensation of $371 per month at the time of his discharge. He is acting as his own counsel, pro se. The defendant in error has been and still is represented by the State Law Department, an agency composed of a multitude of legal counsel with financial resources of approximately one-half million dollars per year. When this case reached the superior court, counsel for the defendant in error raised a technical objection to the employee's certiorari bond. The objection was sustained by the trial court forcing the employee to come by writ of error to this court in order to retain his right to present his case on the merits. His position was sustained by this court in the case of *Scott v. Oxford*, 105 Ga. App. 301 (124 SE2d 420). With the case finally in this court on the merits, counsel for the defendant in error raises yet another *technical* objection.

The record shows that the employee specifically objected to the notice of discharge in the hearing before the State Personnel Board and in his petition for certiorari as being "too vague, indefinite and ambiguous." He assigned error on the overruling of his petition for certiorari as being "contrary to law," and he argued this point in a brief before this court.

We cannot comprehend how counsel for the defendant in error, as part of a Leviathan operation, can be said to have been hurled into "a sea of speculation" so as to prevent the proper responding to the issue. *Meeks v. Carter*, 5 Ga. App. 421 (63 SE 517); *Cusic v. Holland Furnace Co.*, 43 Ga. App. 770 (159 SE 882).

*Motion to dismiss and motion for rehearing denied.*