C. W. Wasemann, *City Manager*, City of Wheeling

*v.*

Eugene Roman

(No. 12764)

Submitted May 6, 1969.        Decided July 8, 1969.

*Pinsky, Mahan, Barnes & Watson, Frank Cuomo, Jr.,* for plaintiff in error.

*George B. Vieweg III,* for defendant in error.

Berry, Judge:

This case involves the dismissal of a police officer from the police department of the City of Wheeling. On March 27, 1963 the City Manager, C. W. Wasemann, advised Patrolman Eugene Roman by letter of his dismissal, setting out reasons therefor. Roman answered the charges and requested a hearing before the Police Civil Service

Commission in accordance with the provisions of Code, 8-5A-13, as amended. After a hearing before the Commission the dismissal of Roman was sustained on May 22, 1963; and a petition was timely filed in the Circuit Court of Ohio County on August 16, 1963. On November 28, 1967 the Circuit Court of Ohio County entered an order affirming the ruling of the Police Civil Service Commission. Upon application to this Court a writ of error to the judgment of the Circuit Court was granted on September 30, 1968. The case was docketed for hearing at the April Special 1969 Docket of this Court and submitted for decision upon arguments and briefs.

The first question raised in this Court and to be answered in this case is that the hearing before the Police Civil Service Commission was not held within ten days, in accordance with the provisions of Code, 8-5A-13, as amended.

It is contended by the appellant Roman that this provision is jurisdictional and the removal proceedings should therefore be dismissed. The provision in question provides that: "If the person sought to be removed or reduced shall demand it, the civil service commission shall grant him a public hearing, which hearing shall be held within a period of ten days from the filing of the charges in writing and the written answer thereto." The record clearly shows that a hearing in this case could not have been held within ten days, because one of the commissioners was away and another was confined in a hospital and the then attorney for Roman agreed to a continuance, stating that he desired to have it continued. Then, too, this question apparently was not raised in the Circuit Court when the case was heard there and it is indicated by the circuit judge that it was abandoned and therefore the question was not considered and ruled on in that court. This provision is merely for the purpose of giving the removed officer a right to a speedy hearing. It provides that the hearing shall be held within a period of ten days if demanded by the removed officer. It is not

jurisdictional and can be waived, which was done in the case at bar. It is entirely different from a statute which requires a petition for an appeal to be effectuated within a certain time, such as that a petition must be filed in an appellate court within a fixed time from the date of final judgment of the trial court. The provision in question refers to the hearing and not the filing of the proper papers in order to have a hearing thereon.

It appears from the record that Roman had been suspended from the police department on July 16, 1962 when it came to the attention of the department that he had been served with a warrant on a bastardy charge. It further appears that upon the filing of an affidavit that he *was not* the father of the bastard child in question subscribed and sworn to by him on August 9, 1962 he was reinstated on the police force. On March 20, 1963 Roman was found guilty by the Intermediate Court of Ohio County on the bastardy charge, after which an earlier affidavit executed on July 16, 1962 was found by the police chief in the office of the clerk of the circuit court in connection with the bastardy case which was signed and sworn to by Roman and stated that he *was* the father of the bastard child in question.. This early affidavit of July 16, 1962 had two separately signed deposing paragraphs, the first of which contained a statement swearing that he was the father of the child and the second of which read: "* * * the above writing is true to the best of his knowledge and what is not true he believes to be true." The second paragraph in the early affidavit, whether intentional or unintentional, which is used as a verification to a pleading and is not necessary in an affidavit, did not affect the positive statement wherein he swore that he was the natural father of the child.

The reasons given for Roman's dismissal in the city manager's letter of March 27, 1963 were a violation of Sections 81 and 91 of the Wheeling Police Department Regulations, reciting the bastardy conviction and the contradictory affidavits, and various other reasons including

his previous record. It appears that the dismissal by the Police Civil Service Commission and the Circuit Court were based on violations of Sections 81 and 91 referred to herein. Section 81 of the Rules provides as follows: "Truthfulness required. A member's testimony and official reports must be strictly truthful." Section 91 provides: "Obedience to orders. Punctual attendance, *obedience to laws,* prompt obedience to orders, and conformity to the rules and regulations of the department are required of every member."

It might be well to state that when the petition was filed for the appeal in the Circuit Court on August 16, 1963 an order was entered requiring a hearing to be held on September 27, 1963 and there is no indication that any hearing was ever held. However, the record indicates that a motion was made over two years later on November 26, 1965 to have the entire matter referred back to the Civil Service Commission of the City of Wheeling for the taking of further and additional evidence to be considered by the Circuit Court at a later date but there appears to be no such testimony in the record, and the final disposition of the case was not made by the Circuit Court until two years after that. The statute pertaining to this appeal in the Circuit Court, Code, 8-5A-13, as amended, specifically provides that after the case is appealed to the Circuit Court no additional proof is permitted to be introduced before that Court.

This case was apparently set for argument in the Circuit Court acting as an intermediate appellate court for periods extending over four years. All appealed cases should be disposed of as promptly as possible and the general provision with regard to appeals in Circuit Courts from courts of limited jurisdiction, which may be used as an analogy, provides that when a case has been set for argument for four successive regular terms and neither party is prepared to argue the case, it shall be considered abandoned and dismissed at the cost of the appellant. See

Code, 58-4-15, Code, 58-4-19 and Rule 12, section 1 of the Rules of the Supreme Court of Appeals.

The judgment of the Circuit Court apparently was based on Rule 81 with regard to truthfulness required dealing with testimony and official reports and upon the two contradictory affidavits. The court felt that this Rule had a broad application both within and without the police department and that one of the affidavits was admittedly untrue and violated Rule 81. Regardless of this disposition, it would clearly appear that in one of the affidavits signed by Roman he was guilty of false swearing and that Rule 91 was obviously violated wherein it required obedience to laws, and false swearing is a violation of the criminal laws of this State. Then, too, if there was a valid conviction in the bastardy case, it would by necessity be a violation of the laws of this State because the record shows that Roman was a married man with three children. Violation of the criminal laws of immoral conduct has been held sufficient ground for the removal of police officers. 62 C.J.S., Municipal Corporations, Section 578 (b) (2). The dismissal of police officers has been upheld in New York when they were involved with females for immoral purposes or were guilty of conduct unbecoming an officer. *People ex rel. Fitzpatrick* v. *French,* 32 Hun. (N. Y.) 112; *People ex rel. Connolly* v. *The Board of Police Commissioners,* 11 Hun. (N. Y.) 403.

In the case of *Brewer* v. *City of Ashland,* 260 Ky. 678, 86 S. W.2d 669, it was held that a married police officer having a child by a woman not his wife was proper ground for his dismissal.

It would appear from the facts and circumstances in the case presented here that the judgment of the Circuit Court of Ohio County in affirming the dismissal of Eugene Roman, the appellant herein, was justified and the judgment of that Court is therefore affirmed.

*Affirmed.*